■ ARTHUR LIEBLING, Respondent-Appellant, v ANDREW YANKWITT, Appellant-Respondent. — In an action to recover damages for defamation, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated December 14, 1983, as granted plaintiff's motion to dismiss his first counterclaim for failure to state a cause of action, without prejudice to replead, and the plaintiff cross-appeals from so much of the same order as granted the defendant's cross motion to dismiss the complaint for lack of personal jurisdiction to the extent of directing a hearing thereon.

Order affirmed, insofar as appealed from by defendant, without costs or disbursements, for reasons stated in the opinion of Justice Lockman at Special Term.

Cross appeal by plaintiff, taken as of right, dismissed, *sua sponte.* So much of the order as directs a judicial hearing to aid in the disposition of defendant's cross motion to dismiss the plaintiff's complaint for lack of personal jurisdiction does not decide the cross motion and does not affect a substantial right (CPLR 5701 [a] [2] [v]) and is, therefore, not appealable as of right (*Bagdy v Progresso Foods Corp.,* 86 AD2d 589; *Astuto v New York Univ. Med. Center,* 97 AD2d 805). Plaintiff's notice of appeal is deemed an application for leave to appeal and is referred to Justice Eiber for disposition.

Leave to appeal granted by Justice Eiber.

Upon appeal by permission, order reversed, insofar as appealed from by plaintiff, without costs or disbursements, and cross motion denied.

Defendant interposed a counterclaim which is unrelated to the subject matter of plaintiff's claim against him as set forth in the complaint. When defendant interposed a counterclaim unrelated to the plaintiff's claim, he placed himself in the position of a plaintiff who initially invokes the jurisdiction of a court and by so doing effectively and waives any jurisdictional objection he might have had against the prime action (Siegel, NY Prac § 111, at 138; § 224, at 269). O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.