■ SAL J. PREZIOSO, Respondent-Appellant, v DANIEL DEM-CHUK, Appellant-Respondent. (And a Third-Party Action.)—In an action to recover unpaid moneys due "pursuant to contract and or statute", (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 26, 1985, as, upon renewal, adhered to an original determination in an order dated December 7, 1984, denying the defendant's motion to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction, and (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as, upon reargument, adhered to the original determination denying his motion to vacate the notice of pendency filed by the defendant with respect to his counterclaim.

Ordered that the order is modified, by deleting the provision thereof which adhered to the original determination denying the plaintiff's motion to vacate the notice of pendency, and substituting therefor a provision granting that motion and vacating the notice of pendency. As so modified, the order is affirmed, insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 7, 1984 is modified accordingly.

The defendant's motion to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction was properly denied. The allegations pleaded in the plaintiff's complaint suffice to state a cause of action to recover moneys loaned to the defendant during the period the defendant was married to the plaintiff's daughter. Since the defendant interposed a counterclaim unrelated to the subject matter of the plaintiff's claim against him, the defendant placed himself in the position of a plaintiff who initially invoked the jurisdiction of a court and, by so doing, effectively waived any jurisdictional objection he might have had against the prime action (see, Liebling v Yankwitt, 109 AD2d 780; Siegel, NY Prac § 111, at 138; § 224, at 269).

The plaintiff's motion to vacate the notice of pendency filed

by the defendant should have been granted on the ground that the defendant's counterclaim, in essence, seeks a setoff from the amount of moneys the defendant allegedly owes the plaintiff and, thus, does not state a proper basis for filing a notice of pendency. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.