■ TEXTILE TECHNOLOGY EXCHANGE, INC., Respondent, v JACK DAVIS, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (White, J.), entered April 5, 1991 in Montgomery County, upon a decision of the court in favor of plaintiff.

Plaintiff is a corporation engaged in the sale of new and used textile industry equipment and defendant is a rigger engaged in the disassembly, loading and transport of such equipment. In May 1987, plaintiff commenced this action alleging that defendant breached an oral partnership agreement under which he was to sell certain equipment owned by plaintiff and divide the profits equally. According to plaintiff, defendant sold various equipment but did not account for the proceeds of such sales. Defendant denied the allegations in the complaint and asserted the affirmative defense of lack of personal jurisdiction on the ground that he was not properly served. Defendant also interposed a counterclaim in which he alleged, *inter alia,* that plaintiff had failed to compensate him for goods and services previously provided by him to plaintiff.

At trial, it was established that plaintiff and defendant began doing business in 1985. At that time, plaintiff was liquidating equipment from the Industrial Knitted Fabrics (hereinafter IKF) plant in the City of Amsterdam, Montgomery County, pursuant to an agreement with the plant's owner, and recommending defendant's services to purchasers of the equipment in exchange for a commission. In February 1986, plaintiff purchased all of the IKF plant equipment and entered into the oral partnership agreement with defendant which is the subject of the complaint. Under that agreement, defendant was to clean out the plant and either store or sell

the salvageable equipment, while keeping track of both his expenditures and the sales income generated. The parties were to divide equally whatever surplus income remained after recovery by plaintiff of its initial investment and by defendant of his expenses.

At the close of trial, defendant moved to dismiss on the ground of lack of personal jurisdiction. Supreme Court reserved decision, but subsequently dismissed the defense. Additionally, Supreme Court concluded that defendant had improperly sold two of plaintiff's dye beck machines without accounting to plaintiff for the proceeds and that there was insufficient evidence to support the parties' remaining claims. A judgment of $6,500 plus interest was entered in plaintiff's favor. This appeal by defendant ensued.

Initially, we agree with Supreme Court that defendant's counterclaim was unrelated to plaintiff's main claim for breach of the parties' February 1986 oral agreement and that the assertion of such a counterclaim operated as a waiver of his personal jurisdiction defense. It is clear from a review of the pleadings and the proof adduced at trial that several of the transactions encompassed by defendant's counterclaim occurred prior to February 1986, and we are not persuaded that the parties' February 1986 agreement was merely one of a series of transactions between plaintiff and defendant in an ongoing relationship from 1985. It is uncontradicted that the parties started doing business in 1985 when plaintiff was acting as a liquidator of the equipment at the IKF plant and defendant was performing services as a rigger upon plaintiff's referral. That relationship changed, however, in February 1986 when plaintiff purchased the majority of the IKF plant's equipment and entered into the oral partnership agreement with defendant. Because it is solely this latter agreement which is the subject of plaintiff's complaint, defendant's assertion of a counterclaim involving various transactions predating that agreement amounted to the assertion of an unrelated counterclaim, thereby resulting in a waiver of his jurisdictional objection (see, Prezioso v Demchuk, 127 AD2d 576, lv dismissed 70 NY2d 1002; Liebling v Yankwitt, 109 AD2d 780, 781).

Turning to the merits, we see no reason to disturb Supreme Court's finding that defendant breached the February 1986 agreement. There is ample proof in the record establishing that two 12-foot dye beck machines, which were included in the IKF plant inventory purchased by plaintiff, were sent to defendant's premises and that defendant thereafter failed to

produce the machines upon demand. Thus, it is reasonable to infer that defendant sold the machines without accounting for the sale in violation of the parties' agreement. The record likewise supports the monetary award made to plaintiff and the court's dismissal of defendant's counterclaim. Accordingly, Supreme Court's judgment should be affirmed in its entirety.

Crew III and Casey, JJ., concur.

Yesawich Jr., J. (dissenting). As we hold the view that defendant's jurisdictional defense has force, we respectfully dissent.

We do not believe that defendant waived his jurisdictional objection by interposing a counterclaim concerning transactions occurring prior to the subject of plaintiff's cause of action, i.e., defendant's alleged breach of a February 1986 oral agreement between them (see, Prezioso v Demchuk, 127 AD2d 576, lv dismissed 70 NY2d 1002). Our reading of the record leads us to conclude that a specific partnership agreement was not just entered into when plaintiff, a North Carolina corporation, became owner of the contents of the Industrial Knitted Fabrics plant in 1986, but instead that defendant and plaintiff had an ongoing relationship involving a series of transactions that had begun in 1985, when plaintiff was a commissioned liquidator of that plant's machinery and defendant worked as a rigger for plaintiff, and that plaintiff's February 1986 purchase was one of these transactions.

Although defendant did not succeed on his counterclaim for moneys allegedly owed to him by plaintiff for unreimbursed expenses and services rendered in the course of his association with plaintiff, the fact that his counterclaim, like plaintiff's initial claim, concerned the parties' agreement regarding the sale of the contents of the Industrial Knitted Fabrics plant satisfies us that it was sufficiently related to plaintiff's cause of action that it did not constitute a waiver of the affirmative defense of lack of personal jurisdiction which defendant properly raised in his answer and again by motion at the close of the evidence (see, Siegel, NY Prac § 111, at 176 [2d ed]; see also, Beris v Miller, 128 AD2d 822, 823, lv denied 70 NY2d 610). Accordingly, the judgment should be reversed and the complaint dismissed.

Mikoll, J. P., concurs. Ordered that the judgment is affirmed, with costs.