OPINION OF THE COURT
Smith, J.
Plaintiff is a North Carolina corporation which buys and sells new and used textile mill equipment. Defendant is a New York rigger who handles the removal, transporting, repair and resale of such equipment. Plaintiff commenced this action for breach of a February 1986 oral partnership agreement in which defendant was to sell equipment owned by the plaintiff and divide the profits equally. It was alleged that the defendant did not account for the proceeds of the sale of various equipment. Defendant denied the allegations, asserted the affirmative defense of lack of personal jurisdiction (improper service), and asserted a counterclaim based upon "an agreement heretofore entered into between the parties to this action, wherein and whereby the plaintiff agreed to compensate the defendant for certain goods and services provided by the defendant, within six (6) years last past” for sums due and owing.
At the conclusion of the trial, defendant moved to dismiss the complaint for lack of jurisdiction. The trial court denied the motion, holding that the jurisdictional defense had been waived by the assertion of a counterclaim that was unrelated to the plaintiff’s claim. This was based upon the finding that the complaint was based upon a contract "entered into in February, 1986” but the counterclaim involved "several transactions which arose prior to February, 1986.” On the merits, *58 the trial court ruled that plaintiff’s proof established a breach by the defendant, awarded damages and dismissed the counterclaim because the defendant had failed "to establish his cause of action.”
By a 3 to 2 majority, the Appellate Division agreed that the jurisdictional defense had been waived because the counterclaim was unrelated to the plaintiff’s claim. The majority found that the parties began a business relationship in 1985 when plaintiff, acting as the liquidator of equipment at the Industrial Knitted Fabrics (IKF) plant, referred business to defendant. In February 1986, the relationship changed when plaintiff purchased the majority of the IKF equipment and entered into the oral partnership agreement with defendant. The majority concluded:
"Because it is solely this latter agreement which is the subject of plaintiff’s complaint, defendant’s assertion of a counterclaim involving various transactions predating that agreement amounted to the assertion of an unrelated counterclaim, thereby resulting in a waiver of his jurisdictional objection (see, Prezioso v Demchuk, 127 AD2d 576, lv dismissed 70 NY2d 1002; Liebling v Yankwitt, 109 AD2d 780, 781)” (182 AD2d 1029, 1030).
The majority also found that the record supported the award of damages to plaintiff and the dismissal of the counterclaim.
The dissenters essentially concluded that there was an ongoing relationship between the parties involving a series of transactions concerning the sale of the contents of the IKF plant that began in 1985 and was basically unaltered by the February 1986 oral partnership agreement. Since the complaint and the counterclaim were based upon transactions during the course of that relationship, it was reasoned that they were sufficiently related to allow the jurisdictional objection to remain.
Defendant appeals as of right because of the two-Justice dissent (see, CPLR 5601 [a]).
The issue before us is whether the defendant waived his jurisdictional defense by bringing an "unrelated” counterclaim. The Appellate Divisions have developed a rule that interposing a counterclaim related to plaintiff’s claims will not waive the defense of lack of personal jurisdiction, but that asserting an unrelated counterclaim does waive such defense because defendant is taking affirmative advantage of the *59 court’s jurisdiction (see, Prezioso v Demchuk, 127 AD2d 576, lv dismissed 70 NY2d 1002; Liebling v Yankwitt, 109 AD2d 780, 781).
We agree with the underlying rationale of such rule and now adopt it. We clarify, however, that a counterclaim will only be "related” for these purposes when such counterclaim could potentially be barred under principles of collateral estoppel — where the parties or their privies are the same and where the issues in the plaintiffs’ claims are potentially identical and decisive of issues raised in the counterclaims (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 486). While all counterclaims are "permissive” (CPLR 3019), the spectre of collateral estoppel often requires a defendant to bring certain counterclaims in order to avoid the risk of later preclusion (see, e.g., Siegel, NY Prac § 224, at 328, and § 452, at 684-685 [2d ed]). Where a defendant in effect must bring such counterclaims, it would be unfair to deem those counterclaims to waive a jurisdictional defense.
Applying these principles to this case, we conclude that defendant’s counterclaims were not related to plaintiffs complaint. Defendant’s counterclaims — involving a series of transactions prior to February 1986 — did not involve the same issues to be raised and determined in plaintiffs claim, which revolved around defendant’s alleged breach of the February 1986 agreement. Defendant, thus, stood no risk of preclusion if he did not bring his counterclaims, and we see no unfairness in the conclusion that by bringing them anyway, he affirmatively sought relief from the court and waived his jurisdictional defense.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.