■ Evan Bell, Respondent, v Frederick J. Little, Also Known as Rick Little, Appellant. [673 NYS2d 402] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered November 14, 1995, which, *inter alia,* denied defendant's cross motion to dismiss for lack of personal jurisdiction and for summary judgment, granted plaintiff's motion to dismiss defendant's first, second, fifth and sixth affirmative defenses, and denied defendant's motion to amend his answer to interpose a third proposed counterclaim, unanimously affirmed, with costs.

The IAS Court properly found that plaintiff's complaint, alleging that defendant inscribed false and malicious statements on building exteriors and sidewalks, did not affect defendant's rights of public petition and participation before public agencies and, accordingly, did not offend Civil Rights Law §§ 70-a and 76-a (*see, Harfenes v Sea Gate Assn.,* 167 Misc 2d 647, 650-651), much less warrant application of the special summary adjudication standards set forth in CPLR 3212 (h).

The court also properly denied defendant's motion for summary judgment since at least some of the language in the inscriptions was reasonably susceptible of defamatory meaning and was neither pure opinion nor nonactionable invective (*see, Parks v Steinbrenner,* 131 AD2d 60, 62). Plaintiff also set forth specific details and expert evidence sufficient to meet his burden of raising genuine issues of fact as to the veracity of the challenged statements and their publication by defendant (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In addition, the court correctly found that defendant had waived his claim of lack of personal jurisdiction by interposing unrelated counterclaims (*see, Textile Technology Exch. v Davis,* 81 NY2d 56; *Liebling v Yankwitt,* 109 AD2d 780).

Finally, the court properly exercised its discretion in denying defendant leave to amend his answer to add a third proposed counterclaim for abuse of process and/or malicious prosecution. The subject proposed counterclaim was factually unsupported and manifestly without merit (*see, Smith v Bessen,* 161 AD2d 847, 848).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.