N.A.S. HOLDINGS, INC., Appellant, v CONNIE PAFUNDI, Respondent. [784 NYS2d 218]—

Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered September 2, 2003 in Washington County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

In February 2003, a Vermont court determined that defendant, a Virginia domiciliary, adversely possessed 22 acres of real property which plaintiff claimed it had purchased in 1992. Plaintiff, a Vermont corporation with a principal place of business in New York, commenced this action seeking to recoup the real property taxes it allegedly paid on the 22-acre parcel. Following joinder of issue, plaintiff sought permission to file a late response to a notice to admit served by defendant and defen-

dant cross-moved for summary judgment dismissing the complaint. Supreme Court, finding no personal jurisdiction of defendant, granted her cross motion and denied plaintiff's motion as moot. Plaintiff appeals and we affirm.

Defendant preserved her objection to personal jurisdiction by asserting the affirmative defense in her answer (*see* CPLR 3018 [b]; 3211 [e]; *Gager v White*, 53 NY2d 475, 483 [1981], *cert denied sub nom. J.E. Guertin Co. v Cachat*, 454 US 1086 [1981]). Plaintiff, nevertheless, argues that defendant waived this defense by interposing a counterclaim seeking monetary sanctions pursuant to CPLR 8303-a and 22 NYCRR part 130. The assertion of an unrelated counterclaim will result in a waiver of the defense of lack of personal jurisdiction. A counterclaim is related when it must be raised in order to avoid the preclusive effect of the principles of collateral estoppel (*see Textile Tech. Exch. v Davis*, 81 NY2d 56, 58-59 [1993]). Defendant's counterclaim is based on her assertion that plaintiff maliciously and frivolously instituted this action. Were plaintiff to be successful in its action, defendant's counterclaim would necessarily fail and the principles of collateral estoppel would prevent relitigation. Thus, defendant's counterclaim is "related" to plaintiff's claim and her defense of lack of personal jurisdiction has not been waived.

Second, plaintiff claims that the long-arm statute (*see* CPLR 302 [a]) confers jurisdiction over defendant. In this regard, plaintiff maintains that defendant had the requisite minimum contacts with this state since defendant lived in the state prior to 2000, has family which currently resides in the state, owns a parcel of vacant land (not the subject of this action) in the state, and has made short visits to this state within the past three years (*see International Shoe Co. v Washington*, 326 US 310, 316 [1945]; *Birdsall v Melita*, 260 AD2d 809, 810 [1999], *lv denied* 93 NY2d 812 [1999]). Despite these minimum contacts with the state, plaintiff has failed to submit any evidence which would establish that any of the jurisdictional categories specified in CPLR 302 (a) exist (*see Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co.*, 296 AD2d 699, 700 [2002]). Notably, the causes of action asserted by plaintiff are equitable in nature. Moreover, the taxes at issue were paid in Vermont, the location of the property. Since the situs of the injury is the location of the original event which caused the injury, plaintiff has not suffered any injury in this state as a result of its payment of these taxes (*see Ingraham v Carroll*, 235 AD2d 778, 778-779 [1997], *affd* 90 NY2d 592 [1997]; *Greenberg, Inc. v Sir-Tech Software*, 297 AD2d 834, 836-837 [2002]). Thus, plaintiff has failed to es-

tablish sufficient justification for New York to exercise personal jurisdiction over defendant in this action (*see Roddy v Schmidt*, 57 NY2d 979, 982 [1982]).

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.