OPINION OF THE COURT
Katherine A. Levine, J.
This case addresses the issues of whether a defendant in a summary nonpayment proceeding waives all jurisdictional defenses as a consequence of interposing counterclaims which are “unrelated,” and what constitutes a “related” or “unrelated” counterclaim in such a proceeding.
Petitioner 150 West End Owners Corp. commenced this nonpayment proceeding in September 2014 against respondent tenant Chestnut Holdings of N.Y. Inc., alleging nonpayment of $50,583.06 on the subject property located at 150 West End Ave., Brooklyn (subject property). Respondent served an answer which included the affirmative defense of lack of personal jurisdiction based upon improper service of the petition, notice of petition and five-day rent demand, and that the amount of rent sought was not correct. Respondent also brought counterclaims alleging loss of income due to the subject property being “untenantable”; damages for being locked out of and illegally evicted; unspecified conditions and housing code violations; breach of the warranty of habitability; rent abatement, repair costs, etc. Petitioner contends that respondent waived its jurisdictional defenses by bringing unrelated counterclaims, and seeks an order striking respondent’s jurisdictional defenses and counterclaims and setting this matter for trial.
When a respondent interposes a counterclaim that is unrelated to a plaintiff’s claim, it waives any personal jurisdiction defense it may have had since it is taking affirmative advantage of the court’s jurisdiction. (Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993].) In Textile, the counterclaims at issue were not related because they concerned a transaction distinct from that described in the complaint. In keeping with Textile, when a respondent asserts lack of personal jurisdiction as an affirmative defense in a nonpayment proceeding and *1149 simultaneously asserts a counterclaim that is unrelated to nonpayment of rent, any objection as to personal jurisdiction by the respondent is waived. (See ROL Realty Co. LLC v Gordon, 29 Misc 3d 139[A], 2010 NY Slip Op 52048[U] [App Term 1st Dept 2010] [tenant waived jurisdictional defense because it introduced counterclaims for harassment, discrimination and overcharge, regardless of the fact that it stipulated to withdraw two unrelated counterclaims]; 390 Park Ave. Assoc., LLC v Sopher, 2009 NY Slip Op 31134 [U] [Sup Ct, NY County 2009] [tenant of a commercial garage space waived personal jurisdiction defense by interposing unrelated counterclaim for unpaid parking fees]; see also 405 East 56th St., LLC v Steginsky, 2013 NY Slip Op 30427 [U] [Civ Ct, NY County 2013]; 374 E. Parkway Common Owners Corp. v Albernio, 32 Misc 3d 1240[A], 2011 NY Slip Op 51654[U] [Civ Ct, Kings County 2011].) The assertion of even one unrelated counterclaim out of many will result in a waiver of the defense of lack of personal jurisdiction. (See Textile, 81 NY2d at 58-59 [“(Asserting an unrelated counterclaim does waive such defense because defendant is taking affirmative advantage of the court’s jurisdiction” (emphasis added)]; N.A.S. Holdings, Inc. v Pafundi, 12 AD3d 751, 752 [3d Dept 2004].)
A counterclaim is “related” to a nonpayment proceeding when it must be asserted to avoid the risk of preclusion under principles of collateral estoppel, i.e., “where the issues in the plaintiff[’s] claims are potentially identical and decisive of issues raised in the counterclaims.” (Textile, 81 NY2d at 59; N.A.S. Holdings, 12 AD3d at 752.) As a corollary, if the Civil Court lacks jurisdiction to hear a particular counterclaim because it cannot be litigated in the first instance, that counterclaim is unrelated because it could not be barred by collateral estoppel in a later proceeding. (Halberstam v Kramer, 39 Misc 3d 126[A], 2013 NY Slip Op 50408[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; 374 E. Parkway.)
Respondent’s counterclaims for its alleged loss of income, and damages for breach of warranty of habitability, cost of repairs, and attorney’s fees are unrelated either because the Civil Court does not have jurisdiction to hear them or because they have no bearing on the nonpayment issue, while respondent’s counterclaim for damages due to being evicted is related.
Pursuant to section 208 (a) of the New York City Civil Court Act, the Civil Court shall have jurisdiction “[o]f any counterclaim the subject matter of which would be within the jurisdic *1150 tion of the court if sued upon separately.” Civil Court is a court of limited jurisdiction and it may exercise jurisdiction over only those types of actions specifically granted to it by article VI (§ 15) of the NY State Constitution, as implemented by the CCA. (Jimenez v Nunez, 42 Misc 3d 145[A], 2014 NY Slip Op 50341 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also 93 Ralph, LLC v New York City Hous. Auth. Law Dept., 41 Misc 3d 692, 700 [Civ Ct, Kings County 2013].) Pursuant to CCA 204, the Civil Court shall have jurisdiction over summary proceedings only to “recover possession of real property located within the city of New York, to remove tenants therefrom, and to render judgment for rent due without regard to amount.” The Civil Court does not have jurisdiction to hear a counterclaim for loss of income as it is not relevant to nonpayment of rent. (See 537 Greenwich LLC v Chista, Inc., 19 Misc 3d 1133[A], 2008 NY Slip Op 50989[U] [Civ Ct, NY County 2008] [even if respondent had viable personal jurisdictional defense based on improper service of the notice of petition and petition, it effectively waived such defense by asserting unrelated counterclaims, including loss of business and income].) Therefore, respondent’s unrelated counterclaim for loss of income is stricken by the court.
Respondent’s counterclaim for legal fees is unrelated because there is no statutory authority for respondent to recover legal fees in this commercial holdover proceeding and the lease does not provide for recovery of fees. Pursuant to Real Property Law § 234, attorney’s fees may be awarded, in appropriate circumstances, to a tenant who is a prevailing party in a controversy; however, Real Property Law § 234 is applicable only in the residential setting and not in the commercial context. (537 Greenwich LLC; 111 on 11 Realty Corp. v Norton, 191 Misc 2d 483, 486 [Civ Ct, Kings County 2002].) Accordingly, in the absence of a lease provision, this court is without jurisdiction to hear respondent’s counterclaim for legal fees, and it is stricken.
Similarly, respondent’s counterclaim for breach of the warranty of habitability is unrelated because the Civil Court has no jurisdiction to hear a breach of warranty of habitability claim in a commercial proceeding. (Disunno v WRH Props., LLC, 97 AD3d 780, 781 [2d Dept 2012]; Polak v Bush Lbr. Co., 170 AD2d 932 [3d Dept 1991]; Semans Family Ltd. Partnership v Kennedy, 177 Misc 2d 345, 350 [Civ Ct, NY County 1998].) The warranty of habitability contained in Real Property *1151 Law § 235-b applies only to residential tenants. (Id.) Accordingly, respondent’s counterclaim for breach of warranty of habitability is stricken by this court. Similarly, respondent’s counterclaim seeking damages for repair costs is unrelated to nonpayment of rent. (See Prakhin v Fulton Towers Realty Corp., 122 AD3d 601, 603 [2d Dept 2014] [obligation of a commercial tenant to pay rent does not end if the tenant remains in possession even if the landlord fails to make essential repairs]; Ring v Arts Intl., Inc., 7 Misc 3d 869, 881 [Civ Ct, NY County 2004] [tenant’s counterclaim for costs of repairing leased premises damaged by flood was not permissible in a commercial nonpayment summary proceeding].) Therefore, respondent’s unrelated counterclaim for repair costs is stricken by this court.
Although respondent is precluded from asserting counterclaims for damages for its alleged loss of income, legal fees, breach of warranty of habitability, and repair costs in this summary proceeding, respondent is not deprived of a remedy. It is merely relegated to asserting these claims in a separate plenary action. (Titleserv, Inc. v Zenobio, 210 AD2d 310, 311 [2d Dept 1994]; 985 Merrick Realty, LLC v Matt’s Station, Inc., 2011 NY Slip Op 30345[U] [Sup Ct, Nassau County 2011]; see also Ain v Vasquez, 40 Misc 3d 1202[A], 2013 NY Slip Op 51006[U] [Nassau Dist Ct 2013] [provision in commercial lease precluding a tenant from asserting a counterclaim upheld because tenant was not deprived of a remedy in plenary action].)
On the other hand, respondent’s counterclaim for damages due to being actually or constructively evicted is inextricably entwined with petitioner’s nonpayment of rent claim, and is therefore related. (See Joylaine Realty Co., LLC v Samuel, 100 AD3d 706, 706-707 [2d Dept 2012] [commercial tenant may be relieved of its obligation to pay full rent where it has been actually or constructively evicted from either the whole or a part of the leasehold]; Johnson v Cabrera, 246 AD2d 578, 578-579 [2d Dept 1998]; see also 737 Park Ave. Acquisition LLC v Robert B. Jetter, M.D., PLLC, 48 Misc 3d 137[A], 2015 NY Slip Op 51153 [U] [App Term, 1st Dept 2015]; Ring, 7 Misc 3d at 880.) Furthermore, respondent’s eviction claim could be decisive of the subject of the action, i.e., the nonpayment of rent; and should, if supported factually, be asserted in the current action to avoid the risk of preclusion under principles of collateral estoppel.
Since respondent has asserted unrelated counterclaims, the court grants petitioner’s motion to strike respondent’s affirma *1152 tive defenses of lack of personal jurisdiction and counterclaims insofar as they seek damages for respondent’s loss of income, legal fees and repair costs, and petitioner’s breach of warranty of habitability. This partial dismissal is without prejudice to claims for those damages in another action. The court otherwise denies petitioner’s motion. This case shall proceed to trial solely on the issue of respondent’s nonpayment of rent and its related counterclaim for actual or constructive eviction.