**Behre Piano Assoc., Inc. v Suchomel**

2024 NY Slip Op 33850(U)

October 28, 2024

Supreme Court, New York County

Docket Number: Index No. 652998/2022

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NICHOLAS W. MOYNE**

*Justice*

| | |
|---|---|
| PART | **41M** |

------------------------------------------------------------------------X

BEHRE PIANO ASSOCIATES, INC.,

Plaintiff,

- v -

MICHAEL SUCHOMEL, JOHN DOE, JANE DOE

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652998/2022 |
| MOTION DATE | 12/16/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, it is

Plaintiff Behre Piano Associates, Inc., ("Behre") is a New York not-for-profit corporation that operates a music school in Vermont known as the Adamant Music School ("Adamant"). Defendant Michael Suchomel is a former officer and director of Behre who resides in Vermont and also has a home in Hawaii. The Amended Complaint alleges that Michael Suchomel, along with his deceased partner Frank Suchomel (also a former officer and director of Behre), caused the fraudulent transfer of a dam located in Vermont to Adamant for $2,000.00 (the "Dam Transfer"). The Dam Transfer occurred on or about October 2019.

The Amended Complaint alleges that the Dam Transfer was a related-party transfer that violated Behre's by-laws, as well as New York's Not-for-Profit Corporations Law, and has caused Behre significant harm and expense. The Dam Transfer has required Behre to expend funds to keep the dam in compliance with applicable safety regulations and to repair damages caused by flooding. Behre alleges that the Dam Transfer benefitted Michael and Frank Suchomel and was accomplished using a fraudulent corporate resolution, prepared by the Suchomels, that purported to represent that the Dam Transfer had been approved by Behre's board of directors. Behre claims that the board never actually approved the transfer and that when the resolution was presented to the board secretary, he refused to sign it. When the secretary refused to sign it, Frank Suchomel signed it. The deed transferring the dam to Adamant was received by a town clerk in Vermont on or around October 21, 2019. It was allegedly executed by Frank and Michael Suchomel in Hawaii on October 2, 2019.

Plaintiff claims the Vermont real property transfer was improper because, *inter alia*, Frank and Michael Suchomel – who at the time were officers and directors of

**652998/2022  BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL**
**Motion No.  002**

**Page 1 of 7**

Plaintiff – did not comply with New York law in seeking board approval for the transfer. Plaintiff asserts two causes of action. First, the plaintiff seeks equitable recission of the Vermont Dam Transfer. Second, the plaintiff seeks damages for breach of fiduciary duty in connection with the Dam Transfer. Defendant Michael Suchomel now moves to dismiss the complaint, pursuant to CPLR §3211(a)(8), on the ground that the court lacks personal jurisdiction. He argues that the plaintiff has failed to establish the existence of long-arm jurisdiction over him because he lacks sufficient contacts with New York that are substantially related to the transactions sued upon. The plaintiff opposes the motion.

It is long-settled that CPLR §302, known as New York's long-arm statute, is the statutory means by which a New York court can exercise specific jurisdiction over a nondomiciliary (*see SOS Capital v Recycling Paper Partners of PA, LLC*, 220 AD3d 25, 31 [1st Dept 2023]). This section provides, inter alia, that, as to a cause of action arising out of any of the acts enumerated in the statute, New York courts may exercise personal jurisdiction, over any nondomiciliary who in person or through an agent:

(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or

(2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

(3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he:

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

While each subsection may, on its own, confer personal jurisdiction upon a nondomiciliary, "a New York court may not exercise personal jurisdiction over a non-domiciliary unless two requirements are satisfied: the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process" (*Williams v Beemiller, Inc.*, 33 NY3d 523, 528 [2019]). When a defendant moves to dismiss a cause of action based on an absence of personal jurisdiction, the plaintiff must, as the party seeking to assert personal jurisdiction, prove that New York's long-arm statute confers jurisdiction over the nondomiciliary defendants (*see Copp v Ramirez,* 62 AD3d 23, 28 [1st Dept. 2009]). In determining whether the plaintiff has met its *prima facie* burden, all allegations in a complaint are accepted as true and the plaintiff is given the benefit of every favorable inference (*see Alden Glob. Value Recovery Master Fund, L.P v KeyBank N.P.,* 159 AD3d 618, 621-622 [1st Dept 2018]).

**652998/2022   BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL**          **Page 2 of 7**
**Motion No.  002**

[* 2]                                                                      2 of 7

Plaintiff attempts to assert jurisdiction by arguing that Michael Suchomel engaged in several of the above-cited acts in the long-arm statue. First, the plaintiff argues that Michael Suchomel is subject to jurisdiction in New York pursuant to CPLR §302(a)(1) which provides that a New York court "may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state" and where there is a substantial relationship between the transaction and the claim asserted against the non-domiciliary (*see Fishbarg v Doucet*, 9 NY3rd 375, 380 [2007]; *Deutsche Bank Securities Inc. v Montana Board of Investments*, 21 AD3d 90, 93-94, [1st Dept 2005], *affd* 7 NY3d 65 [2006]). CPLR §302(a)(1) is a single-act statute, meaning that proof of one transaction in New York is sufficient to invoke jurisdiction in New York, so long as the requisite purposeful activities and the connection between the activities and the transaction are shown (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *Deutsche Bank*, 21 AD3d at 93-94).

If a court determines that a defendant has transacted business pursuant to CPLR 302(a)(1), then it must further ascertain whether the exercise of jurisdiction comports with due process (*see LaMarca v. Pak–Mor Mfg. Co.*, 95 NY2d 210, 216 [2000] ). Due process is not offended "[s]o long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there ... even if not 'present' in that State" (*Kreutter*, 71 NY2d at 466). In order to satisfy the minimum contacts requirement, it is essential that there be some act by which defendant purposefully avails itself of the privilege of conducting activities in New York, thus invoking the benefit and protection of its laws (*Deutsche Bank*, 21 AD3d at 94). While electronic communications, telephone calls or letters, in and of themselves, are generally not enough to establish jurisdiction (*see Liberatore v Calvino*, 293 AD2d 217, 220 [1st Dept 2002]), they may be sufficient if used by the defendant deliberately to project itself into business transactions occurring within New York State (*see Ehrlich–Bober & Co. v Univ. of Houston*, 49 NY2d 574 [1980]; *Parke–Bernet Galleries, Inc. v Franklyn*, 26 NY2d 13 [1970]).

While Michael Suchomel was not physically present in New York at the time the Dam Transfer was effectuated, the plaintiff argues that is not dispositive given the numerous prior contacts the defendant has with this state. They claim that Michael Suchomel, for a period spanning several decades, resided in New York and used his New York residences to conduct business on behalf of Behre. The complaint alleges that Michael Suchomel hosted fundraising events for Behre in New York and hosted meetings for Behre's board of directors and/or membership in his New York apartments. Michael and Frank Suchomel are also alleged to have lived together in New York for over a decade and to have engaged in numerous activities on behalf of Behre during that time.

There seems little doubt that Michael Suchomel had, prior to 2017, a substantial physical presence in New York, by virtue of his long-term residencies in New York and that he used that presence to engage in activities relating to his directorship position in

652998/2022   BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL                Page 3 of 7
Motion No.  002

3 of 7

Behre. However, the question is whether those activities are substantially related to the breach of fiduciary duty claims asserted here, given that those claims concern actions allegedly taken by Suchomel during the period of time after he ceased being a resident of New York.

Defendants maintain that the Amended Complaint fails to allege facts sufficient to demonstrate a specific connection between defendant's prior New York contacts and the misconduct alleged. The Court agrees. The Amended Complaint alleges that the defendant lived and worked in New York between the late 1980's and 2017. During that time, he hosted fundraising events, recitals and meetings for Behre. There is no indication that any of those meetings or events had any connection to the Dam Transfer, which occurred at least two years after the defendant left New York. Plaintiff does not explain how any of the alleged breaches of fiduciary duty substantially relate to any prior conduct or actions of Michael Suchomel that occurred in New York. The facts in this case are readily distinguishable from the cases cited by the plaintiff in their opposition brief, all of which involved a direct connection between the misconduct alleged and the activities engaged in by the defendant in New York (*see D & R Glob. Selections S,L v Bodega Olegario Falcon Pinerio*, 29 NY3d 292, 298-299 [2017] [nonresident defendant sent employees to New York to negotiate contracts and promote the defendant's wine]; *Fishbarg*, 9 NY3d at 380-383 [nonresident defendant projected himself into New York to engage in "sustained and substantial transaction of business" with New York attorney and regularly communicated with the attorney concerning the subject matter of the representation for which he allegedly had not paid]; *Wilson v Dantas*, 128 AD3d 176, 181 [1st Dept 2015], *affd* 29 NY3d 1051 [2017] [shareholder agreement at issue was negotiated in New York]). Because the plaintiff here has not alleged any substantial link between Michael Suchomel's contacts with New York and his alleged misconduct regarding the Dam Transfer, exercise of jurisdiction pursuant to CPLR §302(a)(1) would be improper.

Next, plaintiff argues that Michael Suchomel is subject to personal jurisdiction in New York pursuant to CPLR §302(a)(3). As outlined above, this claims requires a showing both that Michael Suchomel committed a tortious act or acts outside New York that caused injury to person or property within the state and that he either (1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. Plaintiff argues that to the extent the Suchomels committed tortious acts in Vermont or Hawaii, they caused injury in New York given that the plaintiff is a New York Not-For-Profit corporation. The plaintiff also alleges that Michael Suchomel regularly did business, solicited business, otherwise engaged in a persistent course of conduct, and derived substantial revenue from services he rendered in New York as an officer and director of Behre, a New York Not-For-Profit Corporation, which has a campus in the State of Vermont.

The only connection between Michael Suchomel and New York that could plausibly be said to be substantially related to the alleged misconduct is the assertion that Michael Suchomel served as an officer and director of Behre until October of 2021 and effectuated the Dam Transfer during the course of his service as an officer and/or director of a New York corporation. The problem with this argument is that subjecting a non-resident director or officer of a New York corporation to personal jurisdiction in New York based solely on his status as an officer would not be sufficient under New York's long-arm statute, even in cases involving alleged breach of fiduciary duty, absent some additional relationship between the claimed breach and New York. Here, the Dam transfer occurred in Vermont and only affected real property located in Vermont. The deed was executed in Hawaii and recorded in Vermont. Jurisdiction over a breach of fiduciary duty claim would not be sufficient under New York's long-arm statute absent some connection or relationship between the defendant's New York activities and the claimed breach . The Amended Complaint contains no allegations suggesting that, at the time of the Dam Transfer, Michael Suchomel engaged in any actions in New York, conducted any business in New York, or derived any substantial revenue in New York related to the  alleged misconduct.

The plaintiff fares no better on an injury analysis. The event that allegedly caused the plaintiff injury was the Dam Transfer and the recording of the deed, events which took place in Vermont. Vermont is the situs of the injury and the fact that the plaintiff is incorporated in New York is irrelevant to the jurisdictional analysis (*see IMAX Corp. v Essel Group*, 154 AD3d 464, 465 [1st Dept 2017]; *NAS Holdings, Inc. v Pafundi*, 12 AD3d 751 [3d Dept 2004])  There are also no allegations in the complaint indicating that Michael Suchomel traveled to New York in order to effectuate the Dam Transfer.

The Amended Complaint also alleges that beginning in the 1980s and ending in "approximately" 2017, defendant Michael Suchomel had various contacts with Plaintiff in New York. These alleged contacts included, as outlined above, hosting board meetings and membership meetings in New York. It is also alleged that Michael Suchomel attended plaintiff's concerts at Carnegie Hall. The Amended Complaint does not, however, allege that any of these contacts, all of which are alleged to have occurred in or before 2017, have any connection with the Vermont Dam Transfer , which occurred in 2019 when Michael and Frank Suchomel signed a quitclaim deed in Hawaii and allegedly caused it to be filed in Vermont. These alleged contacts with New York are simply not relevant to the jurisdictional analysis because they pre-date and do not substantially relate to the misconduct alleged in the complaint.

Finally, the plaintiff asserts that this Court may exercise long-arm jurisdiction over Michael Suchomel pursuant to CPLR §302(a)(4). Under that provision, the Court is permitted to exercise jurisdiction over a defendant if the defendant "owns, uses or possesses any real property situated within the state." There must be a relationship between the property and the cause of action sued upon (*see Lancaster v Colonial Motor Freight Line, Inc.*, 177 AD2d 152, 159 [1st Dept 1992]). Plaintiff argues that Michael Suchomel is subject to jurisdiction in New York because he once owned residences used to host the plaintiff's fundraisers, meetings and events. This is not

**652998/2022   BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL**
**Motion No.  002**

Page 5 of 7

5 of 7

sufficient absent allegations that the events the defendant hosted bear a substantial relationship to the misconduct alleged. Furthermore, the First Department has held that mere ownership of an apartment in New York does not provide a basis for jurisdiction under CPLR §302(a)(4) unless the action directly implicates its ownership, possession or use (*see Karam v Karam*, 197 AD3d 1041 [1st Dept 2021]; *Marie v Altshuler*, 30 AD3d 271, 272 [1st Dept 2006]). Accordingly, there is no basis to assert jurisdiction over Michael Suchomel based on his former ownership of real property in New York.

The plaintiff requests that in the event this Court finds that the arguments asserted in support of personal jurisdiction are not persuasive, the Court, instead of dismissing the action, should instead grant leave for the plaintiff to conduct jurisdictional discovery pursuant to CPLR §3211(d). Defendant opposes this request. CPLR §3211 (d) protects a party opposing a motion to dismiss the complaint on jurisdictional grounds by providing that such motion may be defeated by merely showing "that facts essential to justify opposition may exist but cannot then be stated". However, a party's mere invocation of CPLR 3211(d) is not, by itself, enough to defeat such a motion. A party must come forward with some tangible evidence which would constitute a "sufficient start" in showing that jurisdiction could exist, thereby demonstrating that its assertion that a jurisdictional predicate exists is not frivolous (*see SNS Bank, N.V. v Citibank, N.A.*, 7 AD3d 352, 354 [1st Dept 2004]). Plaintiff argues that it is entitled to discovery regarding: (1) any conduct by Defendants prior to the Dam Transfer and while Defendants were physically in New York by which they improperly imposed costs related to the Dam on plaintiff and otherwise breached their fiduciary duties to Plaintiff and (2) Defendants' continued activities in New York around the time of the Dam Transfer and thereafter.

Despite some misgivings concerning the lack of specificity of the plaintiff's discovery requests, the Court has decided, in the exercise of its discretion, to grant the plaintiff leave to pursue limited discovery along the lines of what has been requested. Although not specifically addressed by the plaintiff, the Court has considered the possibility that the allegations in the Amended Complaint relating to the defendants' presentation of a fraudulent corporate resolution concerning the Dam Transfer to Behere's corporate secretary might constitute a purposeful act in New York related to the alleged misconduct, therefore providing a basis to find long-arm jurisdiction. It is alleged in the Amended Complaint that the resolution was prepared by the defendants and presented to the secretary who refused to sign it. Frank Suchomel then allegedly signed the fraudulent resolution which purported to show that Behere's board had approved the Dam Transfer when in fact they had not. It is also alleged that this corporate resolution triggered an investigation by the New York Attorney General which is still ongoing. Left unaddressed in the Amended Complaint is whether this alleged presentation to the secretary took place in a meeting held in New York, either in-person or through electronic means. It is also not alleged whether Michael Suchomel, as opposed to Frank, signed the resolution or what his exact role was in preparing the resolution before it was presented to the secretary. Finally, there is no information in the Amended Complaint concerning what effect, if any, the corporate resolution had in effecting the Dam Transfer in Vermont and/or in the recording of the quitclaim deed in

652998/2022 BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL
Motion No. 002

Page 6 of 7

[* 6]

6 of 7

Vermont.  The Court simply does not have a basis to conclusively determine that these allegations, if fleshed out with additional facts concerning the relationship, if any, between the resolution and the defendant's contacts with New York, would not suffice to confer personal jurisdiction over Michael Suchomel.

While the plaintiff does request jurisdictional discovery concerning Michael's activities in New York, there is no mention of or argument concerning this alleged presentation which the court considered on its own initiative.  Nevertheless, narrowly tailored discovery requests along the line of what the plaintiff has proposed would likely put these issues to rest.  If in fact, defendant Michael Suchomel traveled to New York or had contacts with the plaintiff's board members in New York for the purpose of consummating the Dam Transfer, these contacts could well be sufficient to create personal jurisdiction over Michael Suchomel (*see Brothers Pac Four, LLC v War Entertainment, LLC*, 173 AD3d 617 [1st Dept 2019]).  Given the early procedural posture of the case and the favorable inferences afforded pleadings at the motion to dismiss stage, plaintiff should be allowed to conduct some limited discovery to determine whether additional facts exist that are necessary to fairly oppose the motion.  Accordingly, the motion to dismiss is denied with leave to renew upon the completion of jurisdictional discovery.

For the forgoing reasons, it is hereby

ORDERDED  the motion to dismiss is denied with leave to renew after the conclusion of jurisdictional discovery.  The parties shall appear for a discovery conference on November 21, 2024 at 11:00 am at 80 Centre Street, Room 327, New York, New York.

20241028151220NWMOYNE87C8012D48649F684EF8895D54AD40E

**10/28/2024**
DATE

NICHOLAS W. MOYNE, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652998/2022   BEHRE PIANO ASSOCIATES, INC. vs. SUCHOMEL, MICHAEL ET AL**
**Motion No.  002**

Page 7 of 7

7 of 7