■ ROCCO JERACI et al., Respondents, v GEORGE FROEHLICH, Appellant, et al., Defendants.—In a medical malpractice action, the defendant Froehlich appeals from (1) an order of the Supreme Court, Westchester County (Benson, J.), dated January 15, 1986, which denied his motion, *inter alia,* to dismiss the plaintiffs' complaint insofar as it is asserted against him, and (2) an order dated March 31, 1986, which denied his motion to renew his original motion.

Ordered that the orders are affirmed, with one bill of costs.

The appellant, without opposition, obtained a conditional order of preclusion dated September 19, 1985 (Colabella, J.), which provided that preclusion would be granted unless the plaintiffs supplied a bill of particulars and responses to numerous discovery demands within 20 days of "service and entry" of the order. The order was entered on September 23, 1985 and served by mail on the plaintiffs' attorney on September 24, 1985.

By notice of motion dated October 30, 1985, the appellant moved for an absolute order of preclusion and, *inter alia,* to dismiss the plaintiffs' complaint insofar as it was asserted against him because of the plaintiffs' failure to comply with the prior conditional order of preclusion.

The plaintiffs opposed, claiming they had complied with the prior order and attaching an affidavit of service by mail indicating that the required documents were served on the appellant's attorney on September 21, 1985. That affidavit was sworn to September 23, 1985.

The appellant's motion was denied in the order appealed from dated January 15, 1986. In so doing, the court noted that the plaintiff had complied with the conditional order of preclusion.

The appellant next moved to renew his prior motion, alleging through the affirmation of an associate of the law firm representing him that the office had not received either the documents required by the conditional order or the opposition papers to the motion for absolute preclusion. The affirmation in support stated that the failure on two separate occasions to receive documents sent from the plaintiffs' attorney's offices to the appellant's attorney's offices, coupled with the plaintiffs' alleged neglect and abandonment of the action in the past, required Special Term to reconsider its denial of the motion for absolute preclusion and to grant the motion because the plaintiffs' contentions were spurious.

The plaintiffs opposed this motion, submitting an affidavit of service by mail on November 11, 1985, of its opposition papers to the motion for absolute preclusion, which service was prior to the return date of that motion.

Special Term correctly denied the appellant's motion for renewal.

On the motion for renewal the appellant had the burden of rebutting the presumption flowing from the facially proper affidavits of service by mail. On this point, the appellant

simply claimed nonreceipt but offered no proof as to the office procedures of his attorneys to support that position. The appellant also challenged the presumption of receipt itself but presented nothing to support his position except conclusory allegations of the plaintiffs' past handling of the case. The appellant's attorney's affirmation was not sufficient to either overcome the presumption of mailing or receipt *(Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). Nor was it sufficient to create a question of fact warranting a hearing *(Vita v Heller,* 97 AD2d 464). Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.