■ In the Matter of BERLANE HOLLAND, Appellant, v NEW YORK CITY et al., Respondents. [706 NYS2d 161] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Temporary and Disability Assistance, after a hearing, dated June 2, 1998, the petitioner appeals from a judgment of Supreme Court, Kings County (Held, J.),

dated May 5, 1999, which, *inter alia*, granted the motion of the New York State Department of Social Services to vacate a prior determination of the same court, dated December 3, 1998, on the ground of lack of jurisdiction and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner contends that the determination of the New York Office of Temporary and Disability Assistance (hereinafter the OTDA), after a hearing, erroneously denied her foster care benefits for services which she had provided to her nephew. The Supreme Court initially agreed with the petitioner and, pursuant to a determination dated December 3, 1998, the parties were directed to settle a judgment annulling the determination and remitting the matter to OTDA to calculate the amount of foster care payments to be paid to her. The State of New York, on behalf of the respondent New York State Department of Social Services, moved to vacate the December 3, 1998, determination on the ground of lack of jurisdiction.

Contrary to the petitioner's contention, the Supreme Court properly concluded that the OTDA was a necessary party to this proceeding because the petitioner was seeking to review a determination made after a hearing conducted by the OTDA under Social Services Law § 22 (*see, Rego Park Nursing Home v State of New York, Dept. of Health / Bur. of Residential Health Care Facility Reimbursement,* 160 AD2d 923, *affd* 77 NY2d 942), and was also seeking to recover payment from that State agency (*see, Matter of Aroune v Sipprell,* 36 AD2d 888, *affd* 33 NY2d 844). Although it is well settled that, as a general rule, proof of proper mailing gives rise to a presumption that the item was received by the addressee (*see, Matter of Rodriguez v Wing,* 251 AD2d 335; *Matter of Rosa v Board of Examiners.,* 143 AD2d 351), the respondent successfully rebutted that presumption by submitting evidence that the notice and petition were mistitled and mailed to the wrong address (*see, Matter of Gonzalez,* 47 NY2d 922; *Jeraci v Froehlich,* 129 AD2d 557). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.