■ MONTLE NORTHERN, Respondent, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, et al., Appellants. [795 NYS2d 194]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 7, 2004, which, to the extent appealed from as limited by the brief, held in abeyance respondents' cross motion to dismiss this proceeding, unanimously affirmed, without costs.

In March 2003, respondent Housing Authority, which owns and operates a public housing development where petitioner resides, issued a determination of status that terminated petitioner's residency after the police, in executing a search warrant, recovered from the premises a sawed-off .22 caliber rifle, controlled substances and drug paraphernalia. A copy of the determination of status was purportedly mailed to petitioner on or about March 26, but petitioner did not commence this CPLR article 78 proceeding until August. Respondents cross-moved to dismiss for failure to bring the proceeding within the four-month limitation period (CPLR 217).

Respondents' cross motion was properly held in abeyance pending resolution of disputed questions as to service of the determination of status and petitioner's receipt thereof. Their affidavits attesting to service by mail on March 26, 2003 creates a rebuttable presumption of proper delivery and receipt that can nonetheless be overcome by evidence that the papers were in fact mailed to the wrong address (*see Matter of Holland v New York City*, 271 AD2d 609, 610 [2000]). A mere conclusory denial of receipt would be insufficient to rebut that presumption (*see American Sav. & Loan Assn. v Twin Eagles Bruce*, 208 AD2d 446, 447 [1994], *lv dismissed* 85 NY2d 1032 [1995]). However, petitioner did more than that, in his opposition to the cross motion, by presenting another document—a notice to vacate, issued to him by the Housing Authority just two weeks later, on April 9, 2003, containing a different and incorrect address for him. Petitioner is thus entitled to a hearing to determine when he first received notice that his occupancy had been terminated. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.