■ AYANA WEBB et al., Plaintiffs, and, DAVID SMITH et al., Appellants, v GLADYS SMITH et al., Respondents. ORITANI BANK et al., Nonparty Respondents. (And Another Action.) [997 NYS2d 416]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 13, 2012, which granted defendants Gladys Smith and Mark Smith's motion to vacate an order, same court and Justice, entered October 15, 2010, and, upon vacatur, reinstated an order, same court and Justice, entered October 19, 2006, reinstating a stipulation of settlement dated April 22, 2000, unanimously affirmed, without costs.

Seven siblings inherited an apartment building from their mother, who died intestate on June 6, 1994. By deed dated May 27, 1998, ownership of the property was transferred from the seven siblings to defendant Gladys Smith, one of the siblings. The deed was individually executed and acknowledged by five of the siblings. On behalf of plaintiffs Peter and David, Gladys executed the deed as their "attorney in fact," pursuant to powers of attorney executed by them. On April 22, 2000, the parties entered into a stipulation of settlement of action No. 1.

By order entered on or about July 7, 2005, the court granted Peter and David's motion to vacate the stipulation based on

their claim that the powers of attorney that Gladys used to transfer the property to herself were forged. Ultimately, a special referee found that "there was no proof, evidence or testimony adduced at the hearing that the . . . transfer was the product of the fraudulent use of the powers of attorney at issue." By order entered October 19, 2006, the court confirmed the special referee's report, set aside the July 7, 2005 order, and reinstated the stipulation of settlement.

In March 2010, Peter and David moved to reargue their motion to vacate the stipulation, to reinstate the July 7, 2005 order, void the stipulation, and vacate the transfer. They argued that the failure to record their powers of attorney with the Surrogate's Court, in violation of EPTL 13-2.3 (a) and Uniform Rules for Surrogate's Court (22 NYCRR) § 207.48, rendered the deed transferred by the use of those powers void ab initio. By order entered October 15, 2010, the court granted the motion for reargument, on default and, upon reargument, vacated the stipulation and declared the deed void ab initio.

The court providently exercised its discretion in vacating the October 2010 order and reinstating the stipulation of settlement (see CPLR 5015 [a] [1]). Gladys and Mark established that they had not been served with the reargument motion papers. Peter and David's admission that the motion papers sent to Gladys's and Mark's home addresses were returned by the post office rebutted the presumption of proper mailing (see e.g. Chaudry Constr. Corp. v James G. Kalpakis & Assoc., 60 AD3d 544 [1st Dept 2009]; Northern v Hernandez, 17 AD3d 285 [1st Dept 2005]). Thus, Gladys and Mark demonstrated "a sufficient and complete excuse" for their default (Bianco v LiGreci, 298 AD2d 482, 482 [2d Dept 2002]). They also demonstrated a meritorious defense to the action, i.e., the validity of the powers of attorney and the transfer of property pursuant thereto.

Contrary to Peter and David's argument based on the failure to record their powers of attorney, EPTL 13-2.3 (a), which addresses powers of attorney "relating to an interest in a decedent's estate," does not apply here (see Lorisa Capital Corp. v Gallo, 119 AD2d 99, 108 [2d Dept 1986]). Upon their mother's death intestate, title to her real property automatically vested in the children by operation of law (see Waxson Realty Corp. v Rothschild, 255 NY 332 [1931]; Pravato v M.E.F. Bldrs., 217 AD2d 654 [2d Dept 1995]). In any event, the failure to record the powers of attorney, which the court found had been validly executed, does not alone serve as a basis for declaring the deed void ab initio.

Vacatur of the October 15, 2010 order also serves the

substantial interests of justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]), given the potential effect of the order on innocent encumbrancers of the property who were not parties to the action and were not put on notice of Peter and David's challenge to the validity of Gladys's deed (*see e.g.* CPLR 6501; CPLR 1001 [a]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 160 [1st Dept 2002]).

We have considered Peter and David's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ.