Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about October 25, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff’s motion for a default judgment against the Lopez defendants (defendants) and denied defendants’ cross motion to dismiss the complaint for lack of personal jurisdiction or for a traverse hearing, unanimously reversed, on the law, without costs, and the matter remanded for the court to conduct a traverse hearing on the issue of service of process.
 

 Plaintiff made a prima facie showing that his process server exercised due diligence in attempting to serve defendants personally with the summons and complaint before resorting to nail-and-mail service at defendants’ dwelling place, as listed on the police accident report (see CPLR 308 [4]).
 

 In opposition, defendants submitted the affidavit of defendant Maria Lopez, who denied ever hearing the doorbell ring or finding any documents affixed to the front door of defendants’ residence. Her affidavit provided sufficient detail to raise issues of fact requiring a traverse hearing before either the motion or cross motion can be resolved (see Sharbat v Law Offs. of Michael B. Wolk, P.C., 121 AD3d 426, 427 [1st Dept 2014]).
 

 Concur — Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.