Walsh v Walsh (2019 NY Slip Op 06428)





Walsh v Walsh


2019 NY Slip Op 06428


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-03031
 (Index No. 12390/10)

[*1]Lisa Walsh, respondent,
v
Robert Walsh, appellant.


Steven H. Klein & Associates, P.C., Poughkeepsie, NY, for appellant.
Lisa Walsh, Middletown, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated October 15, 2012, the defendant appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated December 13, 2017. The order denied that branch of the defendant's motion which was to vacate or amend a Qualified Domestic Relations Order dated March 3, 2017.
ORDERED that the order dated December 13, 2017, is affirmed, with costs.
The parties were divorced pursuant to a judgment of divorce dated October 15, 2012, which incorporated, but did not merge, the parties' stipulation of settlement dated May 31, 2012. Pursuant to the judgment of divorce, the parties agreed that "[t]he [defendant's] retirement assets (including but not limited to 457 plan, variable supplement, annuity, pension) shall be divided by [Qualified Domestic Relations Order] pursuant to the Majauskas formula [(see Majauskas v Majauskas, 61 NY2d 481)] . . . . As well, if any retirement asset no longer has the sums necessary to provide the plaintiff with her Majauskas share of said asset, the plaintiff shall receive her share from another retirement asset." Before the Supreme Court issued a Qualified Domestic Relations Order (hereinafter QDRO), the defendant depleted his New York City Deferred Compensation Plan and Detective's Endowment Annuity. In a postjudgment order dated December 22, 2015, the court directed that the plaintiff be paid her share of the depleted deferred compensation plan and annuity via additional distributions from the defendant's pension and variable supplement fund. On March 3, 2017, the court issued a QDRO. The defendant subsequently moved, inter alia, to vacate or amend the QDRO, arguing that the QDRO was not submitted on notice as required by the parties' stipulation of settlement, and that the distribution awarded to the plaintiff was excessive. In an order dated December 13, 2017, the court denied that branch of the defendant's motion, and the defendant appeals.
The defendant's contention that the QDRO was not submitted on notice lacks merit. The defendant's unsubstantiated allegation that his attorney never received a properly mailed notice of settlement with a copy of the QDRO was insufficient to rebut the presumption of proper mailing and receipt arising from the affidavit of mailing as well as the email sent by his attorney's office manager acknowledging receipt of the QDRO (see Platonov v Sciabarra, 305 AD2d 651; Orlando [*2]v Corning, Inc., 213 AD2d 464, 464-465; Jeraci v Froehlich, 129 AD2d 557, 558-559). The defendant also failed to adduce evidence that the distribution from his pension and variable supplement fund awarded to the plaintiff by the QDRO conflicted with the terms of parties' stipulation of settlement, the judgment of divorce, or the postjudgment order directing that the plaintiff be paid her share of the depleted deferred compensation plan and annuity via additional distributions from the defendant's pension and variable supplement fund (see generally McCoy v Feinman, 99 NY2d 295, 304; Murphy v Murphy, 120 AD3d 1319). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to vacate or amend the QDRO.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court