Nardeo v Diaz (2024 NY Slip Op 24028)

[*1]

Nardeo v Diaz

2024 NY Slip Op 24028

Decided on January 31, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 31, 2024
Civil Court of the City of New York, Bronx County

Dhanmattie Nardeo, Petitioner,

against
Maria Diaz, ORLANDO DIAZ, JACOB JALIL, "JOHN DOE" & "JANE DOE," Respondents.

Index No. 325965/2023 

Muzammil Ahmad Jamil
Attorney for Petitioner
87-63 148th Street
Jamaica, NY 11435-3475
The Legal Aid Society (Bronx)
Attorneys for Respondent
260 East 161st Street, 7th Floor
Bronx, NY 10451

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion. 
Papers Numbered
Notice of Motion with Affirmation [With Exhibits A] [NYSCEF Doc. Nos. 7-9] 1 
Affirmation in Opposition [NYSCEF Doc. No. 10] 2 
After oral argument, and upon the foregoing cited papers, the decision and order on this motion is as follows:
Facts and Procedural History
The parties agree that after expiration of a ninety-day termination notice, petitioner filed a notice of petition and petition with the court on June 21, 2023, and was assigned a return date of September 21, 2023.[FN1]
Maria Diaz on was served by personal delivery [FN2]
 on September 4, 2023; the affidavit of service was filed on September 10, 2023.[FN3]
Respondent now argues that the failure [*2]to comply with RPAPL § 735(2) requires dismissal.[FN4]

Discussion
Except for non-payment of rent cases, RPAPL § 733 requires that service of process be completed between 10 and 17 days prior to the return date on the petition. RPAPL § 735(2) requires that affidavits of service be filed within three (3) days after any type of service of process on a respondent. Service is "complete" upon personal delivery but other types of service are "complete" when affidavits of service are filed with the court. (RPAPL § 735(2)).
Respondent's argument is that late filing of affidavits of service, an RPAPL § 735(2) defect, requires dismissal under all circumstances. Petitioner counters that dismissal is not appropriate where there is personal service and petitioner complies with requirements of RPAPL § 733.[FN5]

Respondent relies primarily on Matticore Holdings, LLC v Hawkins, 76 Misc 3d 511 [Civ Ct, Bronx County 2022], which, in turn, relies on the oft cited Riverside Syndicate Inc. v Saltzman, 49 AD3d 402 [1st Dept. 2008]). Saltzman cites to and quotes Berkeley Assoc. Co. v Di Nolfi. (see 122 AD2d 703, 705 [1st Dept. 1986] ("A summary proceeding is a special proceeding 'governed entirely by statute and it is well established that there must be strict compliance with statutory requirements to give the court jurisdiction.'").
In Hawkins, as in this case, there was personal delivery of the petition and notice of petition, but the affidavit of service was filed more than three (3) days later, a clear violation of RPAPL § 735(2). The Hawkins court stated two (2) independent grounds for dismissal—that personal service was "complete" more than seventeen (17) days prior to the return date, running afoul of RPAPL § 733(1), and because proof of service was not filed within three days. (see 76 Misc 3d at 520).
Importantly, service in both Saltzman and DiNolfi was by substitute service and by the time the respective affidavits of service were filed, the petitioners were out of compliance with RPAPL § 733(1).
Still, The Hawkins court applies Saltzman so strictly that even failure to perform the ministerial act of untimely filing of an affidavit detailing personal delivery requires dismissal.
For the reasons stated herein, this court holds that after personal delivery, late filing of the affidavit of service with the court is a mere technical infirmity which should be disregarded by the court.
The relevant portion of the Saltzman holding is as follows,
Landlord failed to 'complete' service of the notice of petitions and petitions by filing proof of service (RPAPL 735[2][b]) at least five days prior to the date the petitions were noticed to be heard (see RPAPL 733[1]). A summary proceeding is a special proceeding "governed entirely by statute ... and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction." (49 AD3d at 402) [citations omitted]).
Here, this court attempts to answer two questions: does Saltzman accurately reflect what the law was when it was issued, and do decisions which strictly adhere to Saltzman accurately reflect what the law is now?
To properly address the latter question, the court must first discuss several Court of Appeals cases and the 2007 amendment to CPLR § 2001.
In Matter of Gershel v Porr, the Court of Appeals held that "[b]ecause petitioner withdrew the originally filed order to show cause and thereafter served a notice of petition on respondent without filing a new set of initiatory papers and paying an additional filing fee, we hold that petitioner never properly commenced the special proceeding and the attempted service was a nullity." (89 NY2d 327, 328-329 [1996]).
In Fry v Village of Tarrytown, the petitioner filed an unexecuted order to show cause and petition. Thus, "its filing did not satisfy the provision of the commencement-by-filing statute requiring petitioner to file an order to show cause or a notice of petition along with the petition." (89 NY2d 714, 717 [1997]). The court concluded that "[s]trict compliance with... the filing system is mandatory, and the extremely serious result of noncompliance, so long as an objection is timely raised by an appearing party, is outright dismissal of the proceeding." (id at 723).
In Harris v Niagara Falls Bd. of Educ., the Court of Appeals reaffirmed the Frye holding finding that a case ["action or proceeding"] should be dismissed when a petitioner does not meet all filing requirements and the respondent timely objects. (6 NY3d at 155, 159 [2006]). In other words, petitioner [or plaintiff] must strictly comply with filing requirements to protect itself from possible dismissal. 
Because of these decisions, courts noted that they could have been "required to dismiss an action or special proceeding because of an 'innocent and totally unprejudicial' mistake made by a plaintiff or petitioner with respect to the commencement of the action or special proceeding." (Mcleod v County of Nassau, 75 AD3d 57, 62 [2nd Dept. 2010], quoting 188 Siegel's Practice Review, Amendment Enables Non—Prejudicial Errors at the Commencement of Actions to be Corrected, Overruling Line of Rigid Cases, at 1 [Aug. 2007]; Miller v Waters, 51 AD3d 113, 116 [3rd Dept. 2008]).
In 2007, the Legislature amended CPLR § 2001 in direct response to these decisions. (see Mcleod v County of Nassau, 75 AD3d at 62). In fact, the Sponsor's Memo mentions each case by name. (see NY Spons. Memo., 2007 S.B. 3563). The amendment's purpose was crystal clear: to "...amend the CPLR to give the court discretion to correct or ignore mistakes or omissions occurring at the commencement of an action that do not prejudice the opposing party, in the same manner and under the same standards that it already does with regard to all other non-prejudicial procedural events." (NY Bill Jacket, 2007 S.B. 3563, Ch. 529; see also, Miller v Waters, 51 AD3d 113, 117 [3rd Dept. 2008]).
§ 2001 was amended to read as follows [amendments in italics]:
"At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid ."
It had long been the case that irregularities could be corrected [or overlooked] if jurisdiction over a party is obtained. (see Wolford v Copelon, 242 AD 91, 94 [3rd Dept. 1934] [*3](applying Civil Practice Act § 105, from which CPRL § 2001 is derived [without substantive change]; People ex rel. De Leo v Edwards, 247 AD 331, 334 [2nd Dept. 1936]). When the legislature amended § 2001 in 2007, it reaffirmed that it should be liberally applied. (see NY Spons. Memo., 2007 S.B. 3563) ["Unfortunately, as evidenced by these recent decisions, it is apparent that further statutory revision is in order to fully foreclose dismissal of actions for technical, nonprejudicial defects."] (emphasis added); see also Siegel NY Prac § 6 ("CPLR 2001 and its instruction should be treated as part of the liberal construction edict. It puts procedure into perspective by reminding bench and bar that procedure is a means, not an end... If a given mistake can be categorized as a mere irregularity, which it should be if no party can be deemed substantially prejudiced by it, CPLR 2001 should be invited onto the scene and made at home.")).
In 2010, the Court of Appeals addressed the amended § 2001 in Ruffin v. Lion Corp., 15 NY3d 578. There, the trial court held that failure to comply with CPLR § 313 [FN6]
was a "mere irregularity that could be disregarded, rather than a jurisdictional defect requiring dismissal. (see Ruffin v Lion Corp., 38 Misc 3d 1205(A), 3 [Sup Ct, Kings County 2008]). The Appellate Division, Second Department reversed, holding that "...statutes defining the methodology of service may not be overlooked or ignored." (63 AD3d 814, 815 [2nd Dept. 2009] (internal citations omitted)).
The Court of Appeals, however, found that § 2001's intended purposed—to allow courts to correct or disregard technical, non-prejudicial defects occurring at commencement—applied equally to defects in filing and service. (15 NY3d at 582; see also Tudeme v Walters, 35 Misc 3d 1217(A), 3 [Sup Ct, New York County 2012]).
The Ruffin court formulated a test to determine when a defect can be considered a mere "technical infirmity." "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (id at 582, citing Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950] (internal quotations and citations omitted)). Stated another way, if the defect in service [or filing] decreases the likelihood that the respondent will receive the pleadings [and thus be able to respond to them], the defect cannot be disregarded.
Under this test, dismissal for late filing of an affidavit of service is not required, at least where the respondent was served in hand. But, what of the strict compliance with statutory requirements in special proceedings?
Recall that the Gershel, Fry and Harris decisions each stated that strict compliance with statutory filing requirements was required for the court to hear the case.[FN7]
Critically, Gershel and Fry were both special proceedings and § 2001 was clearly meant to apply to special proceedings. (see Macleod, 75 AD3d at 62)).
Since § 2001 applies to special proceedings, the court must then answer whether summary proceedings are a special kind of special proceeding immune to § 2001. That cannot be true as numerous opinions cite to it approvingly. (see Siedlecki v Doscher, 33 Misc 3d 18, 20 [*4][App Term, 2nd Dept., 2nd, 11th & 13th Jud. Dists. 2011]; Teacher's College v Woltering, 77 Misc 2d 81, 82 [App Term, 1st Dept. 1974]; Dupont Realty, LLC v Garcia, 73 Misc 3d 128(A), 1 [App Term, 1st Dept. 2021]; Blenheim LLC v Il Posto LLC, 14 Misc 3d 735, 738 [Civ Ct, New York County 2006, citing 3 Dolan, Rasch's Landlord and Tenant, Summary Proceedings § 43:3 [2006]).
It is notable that Saltzman was issued just six months after § 2001 was amended, but two and a half years before Ruffin.[FN8]
Siedlecki, on the other hand, was decided after Ruffin. In any event, Ruffin clarified the broad scope of CPLR § 2001—dismissal should not eventuate for non-prejudicial defects in filing and/or service. (see 15 NY3d at 582).[FN9]

Every Judicial Department has cited to § 2001 [and the Ruffin test] in forgiving any number of initiatory defects. (see United Services Auto. Ass'n v Kungel, 72 AD3d 517 [1st Dept. 2010] (petition served prior to purchasing index number); James v iFinex Inc., 185 AD3d 22 [1st Dept. 2020]; Oneida Public Library Dist. v Town Bd. of Town of Verona, 153 AD3d 127 [3rd Dept. 2017] (lack of return date on petition]); Matter of Miller v Waters, 51 AD3d 113, 116 [3rd Dept. 2008]); Bender v Lancaster Cent. School Dist., 155 AD3d 1590 [4th Dept. 2017] (no return date on petition); Matter of Naomi R. v New York State of Off. Of Children & Family Servs., 216 AD3d 1235 [3rd Dept. 2023]; Macleod, supra (summons and complaint mistakenly filed under index number for a different proceeding [and no new fee paid]).[FN10]
Many of these defects are undisputedly worse than filing an affidavit of service late after personal service.
Matter of Naomi R. is instructive. Under CPLR § 7804(c) "a notice of petition, together with the petition and affidavits specified in the notice, shall be served . . . at least [20] days before the time at which the petition is noticed to be heard." As this was a special proceeding, this provision must be strictly complied with. In Matter of Naomi R., petitioner did not strictly comply with this provision. Still, the court used the Ruffin test and found that "the failure to disregard or permit correction of this technical infirmity to have been an abuse of discretion, particularly given that respondents' proffer of prejudice is entirely theoretical." (216 AD3d at 1237).
Meanwhile, despite its enduring influence in the lower courts in the First Department, [*5]this court cannot find any instance where Saltzman was cited in an Appellate Division opinion.[FN11]

Consequently, the court holds that the Saltzman rule conflicts with binding precedent from the Court of Appeals and all four Appellate Divisions [in applying CPLR § 2001], issued after March 18, 2008. As such, late filing of an affidavit of service after personal delivery "shall be disregarded" as a non-prejudicial defect.[FN12]

In addition to the above, the court addresses Saltzman's reasoning that "it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction." (49 AD2d at 402, citing Berkeley Assoc. Co. v Di Nolfi ["[P]etition dismissed for lack of personal and subject matter jurisdiction due to noncompliance with RPAPL § 733.]). This broad statement appears to conflict with other case law of the time.
It is true that when Di Nolfi and Saltzman were decided [1986 and 2008], it was commonplace for courts to hold that a court lacked jurisdiction when, in fact, the petitioner had simply failed to state a cause of action and/or failed to meet a condition precedent. Indeed, the Court of Appeals did this in Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987], a case with influence in Saltzman.
However, there were also a slew of other Court of Appeals cases warning not to loosely use "jurisdiction" when something else was meant.
In McNamara v Allstate Ins. Co., Chicago, Ill, the court [in language now all too familiar] held that "[w]here a statute specifies acts to be done by parties litigant [sic] to entitle them to maintain an action or to perfect an appeal, it is generally mandatory... In the absence of proof of compliance with the statutory requirements the trial court was without jurisdiction." (3 AD2d 295, 299 [4th Dept. 1957] (citations omitted).
The Court of Appeals addresses McNamara [and other cases] in Thrasher v U.S. Liability Ins. Co, using it as an example of courts improperly finding lack of jurisdiction for failure to meet a condition precedent. (19 NYS2d 159, 166) [failure to meet the condition precedent affects the power to render judgment on the merits because the plaintiff failed to state a cause of action, not because the court lacks jurisdiction]); see also Copeland v Salomon, 56 NY2d 202, 227 [1982] ("We have previously noted the confusion that arises because the word 'jurisdiction', which with respect to subject matter means the power of a court to adjudicate concerning a [*6]category of cases, is also inexactly used to refer to the situation in which the absence of a condition precedent requires dismissal of a particular case notwithstanding that the court has jurisdiction of the subject matter."); Lacks v Lacks, 41 NY2d 71, 75 [1976] (discussing the serious implications of improper use of "lack of jurisdiction" rather "failure to state a cause of action."); Ballard v HSBC Bank USA, 6 NY3d 658, 663 [2006] ("We have routinely held that technical defects in filings do not fall under the umbrella of subject matter jurisdiction when they do not undermine the constitutional or statutory basis to hear a case.")).
Saltzman did not signal a change in how the Court of Appeals views this issue. (see Manhattan Telecommunications Corp. V H & A Locksmith, Inc., 21 NY3d 200, 203 [2013] ("Lack of jurisdiction" should not be used to mean merely "that elements of a cause of action are absent" but that the matter before the court was not the kind of matter on which the court had power to rule.) [citation omitted]).
Thus, it is clear to this court that Di Nolfi's and Saltzman's references to "jurisdiction" are improper, at least when referring to subject matter jurisdiction. Further clarity comes from examining the cases cited in the two opinions. MSG Pomp v Doe, cited in Saltzman, does not involve the type of defect discussed herein. Rather, the petitioner's false representation of ownership and of rent-regulation status required dismissal because of clear violations of RPAPL § 741 (requiring that a petition state the interest of the petitioner in the premises, describe the premises, and state the facts upon which the special proceeding is based). (see 185 AD2d 798, 799-00 [1st Dept. 1992]).
MSG Pomp cites to several cases: Berkeley Assocs. Co. v DiNolfi, Goldman Bros. v Forester, 62 Misc 2d 812 [Civ Ct, New York County 1970], Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987], and Giannini v Stuart, 6 AD2d 418 [1st Dept. 1958]. CPLR § 2001 may not have saved petitioners from the errors made in Forester (failure to state petitioner's interest in the property), Milne (failure allege compliance with the Multiple Dwelling Law's registration requirement), and Giannini (bare conclusion that the premises were decontrolled). (see Goldenberger v Westchester County Health Care Corp., 16 NY3d 323, 326-27 [2011] (2007 revision of CPLR 2001... was meant to address mistakes in the "method" of filing, not mistakes in "what" was filed)). Even those errors, however, cannot deprive the court of jurisdiction. (see 17th Holding LLC v Rivera, 195 Misc 2d 531, 532 [App Term, 2nd Dept. 2002], citing 433 West Associates v Murdock, 276 AD3d 360, 360-61 [1st Dept. 2000] (failure to plead an "essential element" of the landlord's prima facie case "did not implicate the court's subject matter jurisdiction.")). The court notes that after MSG Pomp., the First Department held that strict compliance "is a matter of equity." (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1st Dept. 1996]; see also 17th Holding LLC v Rivera, 195 Misc 2d at 533 ("We further note that the Appellate Division, First Department has also now adopted the more liberal rule of construction...and has stated that a rule of strict construction was applied in MSG Pomp Corp. v Doe only as a matter of equity.") [internal citations omitted]).
The only case cited [and quoted] in Di Nolfi is the aforementioned Goldman Bros. v Forester"there must be strict compliance with the statutory requirements to give the court jurisdiction." (62 Misc 2d at 815). Notably, Forestor holds that courts "can and should disregard or amend inconsequential defects and irregularities" [pursuant to CPLR § 2001] and allows for the possibility of nunc pro tunc correction of late filing. (id at 813). However, the defect in question [the utter failure to properly state the alleged petitioner's interest in the property] was deemed jurisdictional. (id at 814). 
Nor can Saltzman's broad holding that late filing deprives the court of personal jurisdiction withstand scrutiny. First Department cases prior to Di Nolfi and Saltzman hold that delay in filing proof of service "is merely a procedural irregularity, not jurisdictional, and may be corrected nunc pro tunc by the court." (Lancaster v Kindor, 98 AD2d 300, 306 [1st Dept. 1984], affd. 65 NY2d 804 [1985])). Later cases similarly hold. In Matter of Savitt, the court held that jurisdiction was attained when the petition was delivered to a personal of suitable age and discretion and then mailed the next day, and "any defects in the affidavit of service or the failure to timely file said affidavits...are irregularities that can be properly cured by deeming it filed nunc pro tunc." (161 AD3d 109, 115 [1st Dept. 2018] (internal citation omitted); see also Air Conditioning Training Corp v Pirrote, 270 App. Div. 391, 393 [1st Dept. 1946] (there is a difference between service and proof of service with the fact of proper service, which confers jurisdiction); Weininger v Sassower, 204 AD2d 715, 716 [2nd Dept. 1994]; Discover Bank v Eschwege, 71 AD3d 1413, 1414 [4th Dept. 2010]; CPLR § 2004). While these cases did not involve service provisions of the RPAPL, the reasoning holds for summary proceedings, especially after Ruffin.[FN13]
(see e.g. Siedlecki v Doscher, 33 Misc 3d at 20, citing Lancaster v Kindor, supra).
"[V]irtually all mistakes in commencing" a case "were at one time deemed jurisdictional and hence beyond the corrective reach of" § 2001." (Siegel NY Prac. § 6). In applying § 2001 a court must determine whether a defect is, in fact, jurisdictional, because the statute was never intended to reach defects impacting the court's subject matter jurisdiction. (see Matter of Miller v Waters, 51 AD3d at 118; Macleod v County of Nassau, 75 AD3d at 65). Saltzman's sweeping rule that a non-prejudicial filing error requires dismissal had the effect of taking § 2001 "off the table" in the First Department. After all, if the court lacks jurisdiction and has no power to hear the case, it cannot even consider whether CPLR § 2001 applies.
On the other hand, if failure to make a timely filing ought to be considered the same way as failure to name the proper petitioner or failure to state the proper regulatory status are, or in the way the Court of Appeals directs courts to treat non-prejudicial service and filing errors, then the court can address such defects on a case-by-case basis. (see Ruffin v Lion Corp., supra; Services for the Underserved, Inc. v Mohammed, 79 Misc 3d 1205(A), n.7 [Civ Ct, Bronx County 2023] (compiling cases where "strict compliance" applied as a matter of equity)).
Here, service was completed timely; the court has both personal jurisdiction over the movant and subject matter jurisdiction to hear the claim. Late filing of the affidavit of service, under the facts presented, is a mere technical infirmity that must be overlooked under CPLR§ 2001.
Finally, the court notes that cases in Housing Court, like all other courts in this state, should be resolved on their merits whenever possible. (see Horseshoe Realty, LLC v Meah, 47 Misc 3d 127(A) [App Term, 1st Dept. 2015]; Genuine Realty Corp. v Mitchell, 61 Misc 3d 132(A) [App Term, 1st Dept. 2018]). Defaults are routinely vacated because it is preferable for the parties to get their day in court. (see Cappel v RKO Stanley Warner Theaters, Inc., 61 AD2d 936, 936 [1st Dept. 1978]; 38 Holding Corp. v City of New York, 179 AD2d 486, 487 [1st Dept. [*7]1992]). For this same reason, courts should overlook "mistakes, defects, and irregularities" at any stage of litigation if "a substantial right of a party is not prejudiced." (see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2001) ["[a] statute like CPLR 2001 is essential in an enlightened system of civil procedure that eschews the elevation of form over substance."]). This is what the Legislature and the Court of Appeals directs us to do.

CONCLUSION
Based on the foregoing, respondent's motion is denied. The parties shall appear in Part J, Room 490 on February 16, 2024 at 9:30 AM for a pre-trial conference.
This is the decision and order of the court. It will be posted on NYSCEF.
Dated: January 31, 2024 
Bronx, New York
SO ORDERED,
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:See NYSCEF Doc. Nos. 1-3. 

Footnote 2:"Personal delivery" herein means that the respondent was handed the papers.

Footnote 3:See affidavit of service for the petition and notice of petition at NYSCEF Doc. 5.

Footnote 4:To date, only respondent Maria Diaz has appeared.

Footnote 5:Petitioner's argument is that the late filing is merely a non-prejudicial technical defect. This is a CPLR § 2001 argument, even if not expressly stated, and the court may address it. (see Macleod v County of Nassau, 75 AD3d 57, 63 [2nd Dept. 2010]).

Footnote 6:The server in Ruffin was not an authorized to serve process under CPLR § 313, which permits out of state service.

Footnote 7:In Fry, the court ultimately held that defective filing was waivable. (89 NY2d at 718).

Footnote 8:The Saltzman court does not to mention CPLR § 2001 in its decision although the landlord's brief cites to it and spends considerable time noting the lack of prejudice to the tenant. (see 2008 WL 5761582).

Footnote 9:see also Grskovic v Holmes, 111 AD3d 234, 242-43 [2nd Dept. 2013] ("...a close reading of the statute reveals that CPLR 2001 recognizes two separate forms of potential relief to address mistakes, omissions, defects, or irregularities in the filing of papers. The statute distinguishes between the 'correction' of mistakes and the 'disregarding' of mistakes, and each invokes a different test. Courts may 'correct' mistakes 'upon such terms as may be just.' The statute then says, set off by an 'or,' that mistakes shall be 'disregarded' if a substantial right of a party is not prejudiced. Thus, a 'correction' of a mistake appears to be subject to a broader degree of judicial discretion without necessary regard to prejudice, whereas a complete 'disregarding' of a mistake must not prejudice an opposing party.") [internal citations omitted]).

Footnote 10:The new fee was eventually paid.

Footnote 11:It has been cited three times by the Appellate Terms. One case, Jaikarran & Sons, Inc. v Beecham, 110 NYS3d 783 [App Term, 1st Dept. 2018], cites it for the general rule that summary proceedings must strictly comply with statutory requirements; there was no issue with late filing. The Appellate Term, First Department also cites Saltzman in 125 East 50th Street, Co., Lessee v Credo Intern., Inc., 75 Misc 3d 134(A) [2022]; In Credo, late filing of the affidavit of service was found to "deprive the court of jurisdiction." Credo is factually dissimilar from this case as it was a commercial non-payment matter where the respondent had not appeared. In any event, late filing cannot deprive a court of jurisdiction. Finally, Saltzman is cited in Siedlecki v Doscher where the Appellate Term, Second Department found that even a late filing which made petitioner non-compliant with RPAPL § 733(1) should be disregarded in the absence of prejudice. (see 33 Misc 3d at 20).

Footnote 12:The court has no reason to address here whether any other delays in filing affidavits of service, including those that may make a petitioner non-compliant with RPAPL § 733, can be similarly forgiven under § 2001.

Footnote 13:The court notes that § 2001 is not a petitioner only tool. It can properly be applied to cure respondents' technical defects in filing answers. (see Dinstber v Allstate Ins. Co., 96 AD3d 1198, 1199 [3rd Dept. 2012]).