Plaza Borinquen 88 Owner II LP v Montalvo (2024 NY Slip Op 50368(U))

[*1]

Plaza Borinquen 88 Owner II LP v Montalvo

2024 NY Slip Op 50368(U)

Decided on April 8, 2024

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 8, 2024
Civil Court of the City of New York, Bronx County

Plaza Borinquen 88 Owner II LP, Petitioner,

against
Hipolito Montalvo—Tenant of Record, Respondent, 
 "JOHN DOE"/"JANE DOE"—Unknown Occupants Respondents, New York City Housing Authority—Section 8 Respondent.

Index No. LT-319949-23/BX

Petitioner's attorney:
Solomon Jason Chouicha 
Firm Name:
Gutman, Mintz, Baker & Sonnenfeldt LLP 
Address:
813 Jericho Turnpike, New Hyde Park, NY 11040
Phone: (516)775-7007
Service Email:
schouicha@gmbsllp.com
Respondent's attorney:
Emily Rachel Friedman 
Firm Name:
The Bronx Defenders 
Address:
360 E 161st St, Bronx, NY 10451 
Phone:
(347) 842-2445 
Service E-mail:
EmilyF@bronxdefenders.org

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in review of Respondent-Tenant's Motion to Dismiss and Petitioner's Cross-Motion for Leave to File Late Affidavit of Service, consolidated herein for disposition:
PAPERS NYSCEF DOC #
Respondent's Notice of Motion 9
Respondent's Affidavit in Support 10
Respondent's Exhibits A, B 11, 12
Respondent's Attorney's Affirmation in Support 13
Respondent's Memorandum of Law 14
Petitioner's Notice of Cross-Motion, Attorney's Affirmation, Affirmation of Tali Abdulwahed, Affirmation of Marcus Teran, Exhibits 1-10 16
Respondent's Attorney's Affirmation in Reply and in Opposition to Cross-Motion 17
Respondent's Exhibits A, B 18, 19
PROCEDURAL HISTORY
This is a holdover eviction proceeding against a Rent Stabilized, project-based Section 8-subsidized tenant based on a termination notice dated March 1, 2023 alleging as the ground for eviction, "substantial violation of HUD [United States Department of Housing and Urban Development] rules" due to the tenant's status as a Level Two sex offender and other alleged criminal activity. The process server's affidavit of service of the termination notice alleges "conspicuous" / "nail-and-mail" service completed on March 9, 2023 after two attempts at personal delivery. The petition and notice of petition were filed on April 28, 2023. The court calendared the case for an initial virtual appearance on July 6, 2023, then transferred it to Resolution Part C and adjourned to July 25, 2023. Prior to that adjourned date Respondent-Tenant Hipolito Montalvo (Respondent) retained counsel who filed a notice of appearance on July 24, 2023. The case was adjourned by two-attorney Stipulations first to August 17, 2023 "for all purposes" and then to September 18, 2023 "for Pet to provide Resp's counsel a copy of the tenant file, and Resp to answer." Respondent filed his answer on September 17, 2023, raising eight objections in point of law, four affirmative defenses and four [FN1]
counterclaims. Petitioner did not provide a copy of the tenant file, and the case was adjourned three more times for Petitioner to do so.
Now before the court are Respondent's motion to dismiss on various grounds under CPLR RR 3211(a)(7) and (8) and Petitioner's cross-motion for leave to file a late affidavit of service of the notice of petition and petition. Respondent's motion seeks dismissal on four grounds: (1) failure to serve the termination notice properly; (2) defective termination notice; (3) failure to serve the notice of petition and petition properly; and (4) failure to file an affidavit of service of the notice of petition and petition. Respondent asserts that he (1) never received a copy of the termination notice, was home on the dates and at the times the process server allegedly attempted personal delivery, and knew he was home then because of specified details of his circumstances, Resp's Affid. at ¶ 8; and (2) first learned about this case when he "got a packet of papers that were handed to me outside my apartment some time around May 2023", Resp's Affid. at ¶ 9, and the packet was incomplete as the petition was missing the first page. 
Respondent's attorney argues that (1) based on Respondent's affidavit rebutting the process server's affidavit of service of the termination notice the case should either be dismissed or set down for a traverse hearing; (2) the predicate notice is defective because it does not state the specific ground for termination of the tenancy under RSC § 2524.3 or RSC § 2523.4, as required by RSC § 2524.2(b); (3) based on Respondent's assertion that he received an incomplete copy of the notice of petition and petition the case should either be dismissed or set down for a traverse hearing; and (4) Petitioner's failure to file an affidavit of service of the notice of petition and petition violates RPAPL § 735(2) and warrants dismissal, citing to Riverside Syndicate, Inc v Saltzman (49 AD3d 402, 852 NYS2d 840 [1st Dep't 2008]).
In opposition, and in support of its cross-motion, Petitioner argues: (1) Respondent's conclusory denial of receipt of the termination notice is insufficient to rebut the process server's affidavit and warrants neither dismissal nor a traverse hearing; (2) the predicate notice sufficiently asserts the ground for termination in compliance with applicable provisions of the RSC; (3) Respondent waived any challenge to personal jurisdiction by appearing without raising this claim; (4) Respondent waived any challenge to personal jurisdiction by raising unrelated counterclaims in his answer; and (5) even if Respondent did not waive personal jurisdiction, this case can be distinguished from Riverside Syndicate - which involved a type of service that included a mailing requirement - as Respondent acknowledges he was personally served with the papers. Petitioner urges the court to follow the reasoning of Nardeo v Diaz (2024 NY Misc LEXIS 428, 2024 NY Slip Op 24028 [Civ Ct Bx Co 2024]), and to grant its cross-motion to permit late filing of the process server's affidavit, sworn to June 21, 2023 [Exhibit 10, NYSCEF Doc. # 16 at p. 79], alleging "substitute" service on June 20, 2023 on "John Doe".
Regarding service of the termination notice, Petitioner includes printouts of US Postal Service tracking information (Exhibit 2), GPS location data (Exhibit 3) and an additional affidavit from process server Tali Abdulwahed, to support its argument that the termination notice was properly served. In response to Respondent's claim that he was not served with a complete copy of the notice of petition and petition, Petitioner provides an affidavit from process server Marcos Teran stating, "It does not make sense to me that the first only the first page of the petition was missing from the packet that the Respondent received." Teran Affidavit, sworn to March 11, 2024, at ¶ 4. 
On reply and in opposition to Petitioner's cross-motion Respondent argues that Petitioner's opposition "conclusively proves" that service of the termination notice was improper as the US Postal Service tracking information shows delivery to addresses other than Respondent's. Further, contrary to Petitioner's argument, Respondent asserts he did not merely deny receipt in a conclusory manner but provided "an extreme degree of specificity as to the lack of service," Resp's Attorney's Reply Affirm. at ¶ 13.
Regarding the affidavit of service of the notice of petition and petition, Respondent argues that Petitioner should not be permitted to remedy its failure to file the affidavit now, as this defect in completing service implicates both subject matter and personal jurisdiction and, moreover, caused prejudice to Respondent who was deprived of the ability to respond specifically to the process server's allegations about the manner of service. Respondent further argues that he did not waive his challenge to personal jurisdiction as he raised it in his timely answer, and the counterclaims he included are all directly related to Petitioner's claims.
DISCUSSION
As an initial matter, Petitioner's predicate notice is sufficient on its face. Under RSC § 2524.2(b), a notice to vacate or surrender possession of a Rent Stabilized apartment "shall state the ground under section 2524.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant." Under RSC § 2524.3(c), one of the grounds for eviction is where, "Occupancy of the housing accommodation by the tenant is illegal because of the requirements of law and the owner is subject to civil or criminal penalties therefor, or such occupancy is in violation of contracts with governmental agencies." While Petitioner's notice does not cite to this or another RSC section, it does state that the ground for eviction is Respondent's "substantial violation of HUD rules" prohibiting certain registered sex offenders from obtaining federal housing assistance and prohibiting federally subsidized tenants from engaging in violent activity. The notice cites to 42 USC § 13663 and various sections of Title 24 of the Code of Federal Regulations and asserts facts indicating that Respondent violated these rules.
New York State courts evaluate the sufficiency of predicate notices based on a standard of reasonableness "in view of all attendant circumstances". Oxford Towers Co, LLC v Leites (41 AD3d 144, 837 NYS2d 131 [1st Dep't 2007]); Avon Bard Co v Aquarian Found (260 AD2d 207, 210, 688 NYS2d 514, 517 [1st Dep't], app dism'd, 93 NY2d 998, 717 NE2d 1080, 695 NYS2d 743 [1999]); Hughes v Lenox Hill Hospital (226 AD2d 4, 17, 651 NYS2d 418, 427 [1st Dep't 1996], app dism'd, 90 NY2d 829, 683 NE2d 17, 660 NYS2d 552 [1997]). The notice must provide sufficient information to meet the tests of reasonableness and due process. Jewish Theological Seminary of America v Fitzer (258 AD2d 337, 338, 685 NYS2d 215 [1st Dep't 1999]). Here, while the termination notice does not cite to a specific provision of the RSC, it does state the ground for eviction and is sufficient as a whole to advise the tenant of the claim and permit the tenant to frame a defense. McGoldrick v DeCruz (195 Misc 2d 414, 758 NYS2d 756 [AT 1st Dep't 2003]).
As to Respondent's claims of defective service of both the termination notice and the notice of petition and petition, Respondent's affidavit contains more than "a mere conclusory denial of receipt [which] would be insufficient to rebut the presumption of proper delivery arising from the process server's affidavit." Northern v Hernandez (17 AD3d 285, 286, 795 NYS2d 194, 195 [1st Dep't 2005]). See also, e.g., Richardson v Lopez (154 AD3d 617, 62 NYS3d 787 [1st Dep't 2017]). Rather, Respondent asserts sufficient detail to raise issues of fact for a hearing:
• As to the termination notice, Respondent not only denies receipt of any copies, but explains why and how he knows he was home on the dates and at the times the process server claims to have made attempts at personal, in-hand delivery before resorting to "conspicuous" / "nail-and-mail" service.[FN2]
• As to the notice of petition and petition, Respondent describes and provides a copy of the papers he received [NYSCEF Doc. # 12] to support his claim that the first page of the [*2]petition was missing, making the papers incomplete.[FN3]
Accordingly, if Respondent's motion to dismiss is not otherwise granted, and if it is determined that Respondent did not waive his right to challenge personal jurisdiction, these are issues for traverse (as to the claim of defective service of the notice of petition and petition and trial (as to the claim of defective service of the termination notice)[FN4]
.
On the question of waiver, on the one hand, Respondent preserved his claim of lack of personal jurisdiction by asserting it as his first objection in point of law in his answer, timely filed pursuant to the parties' stipulation on August 17, 2023. The prior filing of a notice of appearance by Respondent's counsel on July 24, 2023 did not waive personal jurisdiction. See Services for the Underserved, Inc v Mohammed (79 Misc 3d 1205[A] [Civ Ct Bx Co 2023]). However, it is well settled that an objection to personal jurisdiction is waived by the assertion of a counterclaim unrelated to the petition. ROL Realty Co LLC v Gordon (29 Misc 3d 139[A], 920 NYS2d 244 [AT 1st Dep't 2010]). A counterclaim is "related" for these purposes if it must be raised to avoid the risk of later preclusion under principles of collateral estoppel. "Where a defendant in effect must bring such counterclaims, it would be unfair to deem those counterclaims to waive a jurisdictional defense." Textile Tech Exch, Inc v Davis (81 NY2d 56, 59, 595 NYS2d 729, 730, 611 NE2d 768, 769 [1993]). In ROL Realty, a nonprimary residence holdover proceeding, the Appellate Term reversed the lower court's order directing a traverse hearing where respondent had raised several counterclaims unrelated to the claims in the petition, including harassment, discrimination, overcharge, intentional infliction of emotional distress and property damage caused by negligence. The court found the waiver occurred "simultaneously with interposition of the unrelated counterclaims", ROL Realty, supra, and Respondent could not revive the jurisdictional objection by offering to withdraw the [*3]counterclaims.
Here, Respondent's answer includes four counterclaims: (1) under RPL § 223-b(5), civil damages, costs and attorneys' fees for Petitioner's filing of this case in retaliation for Respondent making "311" complaints regarding conditions in the apartment; (2) under federal, state and local anti-discrimination laws (the Fair Housing Amendments Act, 42 USC § 3604, and New York State and New York City Human Rights Laws, NY Exec Law § 296[18][2] and NYC Admin Code § 8-107[15]), an order permitting Respondent to retain his housing and avoid eviction as a reasonable accommodation of his health problems and disabilities; (3) under RPL § 235-b, Housing Maintenance Code § 27-2001 et seq., and Multiple Dwelling Law, Ch. 61-A, § 1 et seq., an abatement of use and occupancy due to breach of the warranty of habitability and an order to correct conditions; and (4) reasonable attorneys' fees pursuant to RPL § 234. 
Respondent would not be precluded under principles of collateral estoppel from bringing his counterclaims in another action or proceeding. For example, a counterclaim alleging discrimination was one of the unrelated counterclaims specifically referenced in ROL Realty, supra. As another example, a counterclaim for attorneys' fees is unrelated to the petition as a respondent is not barred from commencing a separate action for attorneys' fees upon completion of a successful defense; in fact, under RPAPL § 702, "parties may no longer seek such fees in housing court and are relegated to commencing a plenary action for same." 744 E 215 LLC v Simmonds (65 Misc 3d 1234[A], 119 NYS3d 828 [Civ Ct Bx Co 2019]) (in a post-foreclosure, licensee proceeding, granting petitioner's motion to strike a personal jurisdiction defense and severing respondent's counterclaim for attorneys' fees). Accordingly, Respondent has waived his right to challenge personal jurisdiction because he is "is taking affirmative advantage of the court's jurisdiction" by raising unrelated counterclaims. Textile Tech Exch, Inc v Davis, supra (81 NY2d at 58-59, 595 NYS2d at 730, 611 NE2d at 769]).
The remaining question raised by the parties' respective motions is whether the court should dismiss the proceeding due to Petitioner's failure to comply with the filing requirement of RPAPL § 735(2) or permit Petitioner to correct its mistake and allow it now to file its process server's affidavit alleging "substitute" service of the notice of petition and petition on "John Doe" on June 20, 2023 followed by mailings on June 21, 2023. The statute, RPAPL § 735(2)(b), imposes a three-day filing period, and deems service effectuated by "substitute" (or "conspicuous") service complete only upon timely filing of proof of service following the requisite mailings. Here, the notice of petition and petition were filed on April 28, 2023, the case was assigned an initial court date of July 6, 2023, and, to date, no affidavit of service has been filed. However, as discussed above, Respondent waived his right to challenge personal jurisdiction by raising unrelated counterclaims in his answer [FN5]
. Accordingly, Respondent's motion to dismiss on this ground must be denied.
Even if the court were to treat Petitioner's failure to comply with RPAPL § 735(2) — as well as the concomitant failure to comply with RPAPL § 733(1), which requires service to be completed ten to seventeen days in advance of the initial court appearance — as a technical, non-jurisdictional defect that was not waived by the raising of unrelated counterclaims in [*4]Respondent's answer, the outcome would be the same. This issue is similar to the one before Housing Court Judge Ibrahim in Nardeo v Diaz (2024 NY Slip Op 24028 [Civ Ct Bx Co 2024]), cited by Petitioner. In Nardeo the affidavit of service — alleging personal, in-hand delivery to the respondent — was filed late: six days after completion of service, rather than within three days as mandated by RPAPL § 735(2), and ten days prior to the first court date, in compliance with RPAPL § 733(1). The court in Nardeo denied the respondent-tenant's motion to dismiss for failure to comply with RPAPL § 735(2), finding that the late filing of the affidavit of service was a technical infirmity that it could overlook pursuant to CPLR § 2001. Nardeo quotes from the legislative history of the 2007 amendments to CPLR § 2001 and finds, "The amendment's purpose was crystal clear: to '...amend the CPLR to give the court discretion to correct or ignore mistakes or omissions occurring at the commencement of an action that do not prejudice the opposing party, in the same manner and under the same standards that it already does with regard to all other non-prejudicial procedural events.' NY Bill Jacket, 2007 S.B. 3563, Ch. 529." Nardeo further relies on the Court of Appeals' decision in Ruffin v Lion Corp (15 NY3d 578, 583, 915 NYS.2d 204, 207, 940 NE2d 909, 912 [2010]), issued after Riverside Syndicate v Saltzman, supra, which found that a service defect related to the process server's residence was a non-prejudicial irregularity which may be disregarded under CPLR § 2001.
This court agrees with the Nardeo analysis and now views the Appellate Division, First Department's decision in Riverside Syndicate v Saltzman through the subsequent lens of the Court Appeals' decision in Ruffin v Lion Corp. Under Ruffin and CPLR § 2001 a court may disregard certain irregularities under the RPAPL, depending on the facts of the case, the significance of the mistake at issue, whether there is prejudice to the opposing party, and bearing in mind that "actual receipt of the summons and complaint is not dispositive of the efficacy of service." Ruffin v Lion Corp (15 NY3d at 583, 915 NYS2d at 207, 940 NE2d at 912 [2011]). Compare, e.g., Goldenberg v Westchester Cty Health Care Corp (16 NY3d 323, 327, 921 NYS2d 619, 946 NE2d 717, 719 [2011]). 
Respondent argues that he has been prejudiced, as the absence of the process server's affidavit resulted in him having to file his answer and motion "without the benefit of knowing how or when Petitioner alleged to have served him with the papers [and] without being able to rebut the specific allegations in the affidavit of service, because there was no affidavit of service for him to respond to." Attorney's Affirm. on Reply and in Opposition at ¶ 25. However, knowing the details of the allegations in Petitioner's process server's affidavit is of no moment here, where Respondent has chosen to litigate counterclaims that he would not be collaterally estopped from raising in another proceeding and thereby waived his right to challenge personal jurisdiction. Under these circumstances, it is appropriate to disregard the violations of RPAPL §§ 731(1) and 735(2), allow Petitioner to correct its mistake under CPLR § 2001, and grant its cross-motion for leave to file a late affidavit of service.
CONCLUSION
Accordingly, it is hereby ORDERED that Respondent's motion is denied, Petitioner's cross-motion is granted, Petitioner shall file its process server's affidavit of service of the notice of petition and petition on NYSCEF by April 15, 2024, and this proceeding is set down for a pre-trial conference in Resolution Part C on May 22, 2024 at 9:30 a.m. This constitutes the court's [*5]Decision and Order, which is being uploaded on NYSCEF.
DIANE E LUTWAK, HCJ
Dated: April 8, 2024
Bronx, New York

Footnotes

Footnote 1:The answer actually contains five counterclaims, with two labelled "first counterclaim". However, Respondent withdrew the first of the two - included with the first affirmative defense of vitiation — explaining that vitiation was intended as an affirmative defense only, and the reference to a counterclaim was a typographical error. Attorney's Reply Affirm. at ¶ 33, n. 1.

Footnote 2:That US Postal Service tracking information shows envelopes being deliviered somewhere other than at Respondent's address does not "conclusively prove" defective service as argued by Respondent but rather creates further issues of fact for trial.

Footnote 3:There also appears to be an issue of fact as to the type of service effectuated: whereas the process server alleges substitute service by delivery to "John Doe" on June 20, 2023, followed by first-class and certified mailings on June 21, 2023 [Exhibit 10 to Petitioner's motion, NYSCEF Doc. # 16 at p. 79], Respondent alleges the papers "were handed to me outside my apartment", Resp's Affid. at ¶ 9 [NYSCEF Doc. # 10], although he does not specify by whom and when.

Footnote 4: A "traverse hearing" is held to determine whether personal jurisdiction was obtained over a defendant or respondent. See, e.g., Italian Elegant Jewelry, LLC v Fteha (206 AD3d 493, 494, 171 NYS3d 65, 66 [1st Dep't 2022]). Proof of proper service of a required predicate notice of termination does not implicate personal jurisdiction but rather is an element of Petitioner's prima facie case under RPAPL § 711. Nguyen v Perparim (64 Misc 3d 129[A], 1116 NYS3d 467 [AT 1st Dep't 2019]). While as a practical matter a court might choose to hear and determine a challenge to service of a predicate notice prior to the trial of the rest of the case, and such a hearing might be referred to as a "traverse hearing", see, e.g., Matter of 322 W 47th St HDFC v Loo (153 AD3d 1143, 1144, 61 NYS3d 204, 205 [1st Dep't 2017]), there is a critical difference between the nature of challenges to service of a predicate notice (non-jurisdictional), see 433 W Assocs v Murdock (276 AD2d 360, 715 NYS2d 6 [1st Dep't 2000]), and to a notice of petition and petition (jurisdictional).
Footnote 5:It should also be noted that Respondent could have, but did not, move to dismiss pre-answer based on his challenge to personal jurisdiction. The question of whether such a motion would have resulted in a different outcome is academic, and will not be addressed herein.