(August 22, 2002)

■ RASCOFF/ZSYBLAT ORGANIZATION, INC., et al., Appellants, v DIRECTORS GUILD OF AMERICA, INC., Respondent. [746 NYS2d 388]

The motion court properly declined to invalidate the notice of termination, which, under the circumstances of this case (*see, Avon Bard Co. v Aquarian Found.*, 260 AD2d 207, 210, *appeal dismissed* 93 NY2d 998), was as a whole sufficient adequately to advise plaintiff tenant and to permit it to frame a defense (*see, Jewish Theol. Seminary of Am. v Fitzer*, 258 AD2d 337, 338). The plain language of the renovation provision of the governing termination clause entitled defendant landlord to issue a notice of termination once it had entered into a "contract" to "demolish, renovate and/or develop the building and/or the premises," and it is clear, as a matter of law, that defendant did in fact enter into such a contract. Since the subject termination clause is not ambiguous (*see, Reiss v Financial Performance Corp.*, 97 NY2d 195; *Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 554), extrinsic evidence is not appropriately employed in its construction (*see, id.*). The motion court properly declined to give effect to a plainly erroneous dismissal order by a prior IAS Justice, which, if given literal effect at this time, would preclude all of plaintiffs' claims and arguments. Summary judgment on the third counterclaim was proper, as was the discretionary award of use and occupancy (*see, e.g., Ministers, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 152 Misc 2d 936, 942). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.