OPINION OF THE COURT
Per Curiam.
Order entered on or about August 15, 2002 reversed, with $10 costs, motion denied and petition reinstated.
The notice of nonrenewal underlying this owner occupancy holdover proceeding informed the tenant, inter alia, that the landlord “maintains a good faith and honest intention and desire which is actual and genuine to regain possession” of the rent-stabilized apartment “for the use and occupancy of the Owner/Landlord as the primary residence of an immediate family member, to wit: her daughter,” and that the subject East 72nd Street building premises “is the only property owned by the Owner/Landlord with space for residential use.” In such form, the nonrenewal notice sufficiently complied with the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2 (b) and governing precedent (see, Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1991], affd 78 NY2d 1098 [1991]; Numano v Vicario, 165 Misc 2d 457 [1995]; Braka v Mejia, NYLJ, Mar. 5, 2001, at 19, col 6 [App Term, 1st Dept], lv denied 2001 NY App Div LEXIS 7158 [1st Dept]).
Contrary to tenant’s argument below, the nonrenewal notice was not rendered facially “deficient and defective” based upon its failure to expressly designate the name of the daughter referred to therein or to explain with specificity the reasons “why the tenant’s apartment was the one targeted or suitable for owner-occupancy and why other apartments were unsuitable.” Information concerning the identity of the landlord’s daughter can readily be acquired by tenant through a bill of particulars (see, City of New York v Valera, 216 AD2d 237 [1995]), and the remaining allegations that tenant insists should have been included in the notice concern evidentiary matters more appropriately explored during the discovery phase of the proceeding (see, Teichman v Ciapi, 160 Misc 2d 182 [1994]). A predicate notice in a holdover summary proceeding need not lay bare a landlord’s trial proof, and will be upheld in the face of a “jurisdictional” challenge where, as here, the notice is “as a whole sufficient adequately to advise * * * tenant and to permit it to frame a defense” (Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002]; see, *416 Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv dismissed in part and denied in part 90 NY2d 829 [1997]).
Suarez, P.J., McCooe and Schoenfeld, JJ., concur.