In the Matter of FRED GIANCOLA et al., Appellants, v JAMES MIDDLETON, Respondent, et al., Respondents. [900 NYS2d 752]—

In a holdover proceeding to recover possession of certain leased premises, the petitioners appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated August 19, 2008, which affirmed an order of the Civil Court, Kings County (Milin, J.), dated April 3, 2007, granting the motion of James Middleton to dismiss the petition.

Ordered that the order dated April 19, 2008, is reversed, on the law, with costs, the order dated April 3, 2007, is reversed, the motion of James Middleton to dismiss the petition is denied, and the matter is remitted to the Civil Court, Kings County, for further proceedings consistent herewith.

The petitioners, who owned rent-stabilized apartments in Brooklyn, served a notice of nonrenewal on the tenant, James Middleton. The notice warned that if Middleton failed to vacate the premises by the date the lease expired, the petitioners would commence a holdover proceeding. When Middleton did not vacate the premises, this holdover proceeding was commenced. The Civil Court granted Middleton's motion to dismiss the petition on the ground that the petitioners' notice of nonrenewal failed to comply with Rent Stabilization Code (9 NYCRR) § 2524.2 (b), because it did not set forth a factually specific reason as to why the petitioners wished to recover possession of the apartment. The Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term) affirmed the order, and this Court granted leave to appeal. We now reverse.

The Rent Stabilization Code provides that an owner may

terminate a tenancy when the housing is sought to be recovered for use as a primary residence for the owner or by a member of the owner's immediate family (*see* Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]). The notice requirements applicable to Rent Stabilization Code [9 NYCRR] § 2524.4 provide that the owner state the statutory ground upon which the tenant's removal or eviction is sought, the facts necessary to establish the existence of such ground, and the date when the tenant is to surrender possession (*see* Rent Stabilization Code [9 NYCRR] § 2524.2 [b]).

The petitioners' notice of nonrenewal satisfied the requirements of Rent Stabilization Code [9 NYCRR] § 2524.2 (b). The notice identified that the ground for recovery of the apartment was its anticipated use by a member of the petitioners' immediate family, and set forth the date by which the apartment was to be vacated (*see* Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]; § 2524.2 [b]). The notice also adequately set forth facts necessary to establish the ground for the vacatur, as it identified the petitioners' son, by name, as the immediate family member who would occupy the apartment as a primary residence, and further stated that recovery of the premises for use by the son was sought in good faith (*see McGoldrick v DeCruz,* 195 Misc 2d 414, 415 [2003]; *but see Hirsch v Stewart,* 63 AD3d 74 [2009]). Further evidentiary matters are more appropriately explored in discovery or at trial (*see McGoldrick v DeCruz,* 195 Misc 2d at 415).

In light of the foregoing, the Appellate Term erred in affirming the order of the Civil Court granting Middleton's motion to dismiss the petition in this holdover proceeding. Dillon, J.P., Miller, Eng and Roman, JJ., concur.