OPINION OF THE COURT
Per Curiam.
Order, dated March 11, 2010, modified to deny tenants’ motions and reinstate the petitions, and the matter remanded for further proceedings; as modified, order affirmed, with one bill of $10 costs to landlords.
Petitioner landlords are joint owners of a four-story apartment building located on Barrow Street, in Manhattan. Respondents Knight and Kenny are the rent-stabilized tenants of apartment 4C; respondent Sharff is the rent-stabilized tenant of apartment 4B. Landlords served on respondent tenants identically worded notices of nonrenewal which described with specificity landlord Frederick Rudd’s plan to convert the building to a single-family dwelling for himself, his named fiancée and her two children. In this connection, the notices set forth in detail the contemplated use of the renovated space on a floor-by-floor basis, reflecting Rudd’s plan to create a single, integrated structure that would serve as his primary residence and that of his fiancée and her children. The notices went on to state the location and size of the current residences of both Rudd and his fiancée, alleging that Rudd presently lives in a two-bedroom apartment on Park Avenue and that his fiancée and her children reside in a 5,000-square-foot house in Roslyn, Long Island. The notices also identified four apartments in the 13-unit building here at issue that are already vacant, and stated Rudd’s intention to serve notices of nonrenewal upon the *37 remaining tenants “during the appropriate timeframe permitted by law to recover possession for the reasons set forth herein.”
In such particularized form, the notices of nonrenewal utilized by landlords fully complied with the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2 (b) and governing case law in this Department (see Hirsch v Stewart, 63 AD3d 74 [1st Dept 2009]; Karmely v Gill, NYLJ, Nov. 25, 1997, at 25, col 3 [App Term, 1st Dept]; see also Matter of Giancola v Middleton, 73 AD3d 1056 [2d Dept 2010]), and thus served as a proper predicate for these consolidated owner occupancy holdover proceedings. While acknowledging that the nonrenewal notices are “quite lengthy and detailed,” tenants assert that the notices are nonetheless jurisdictionally defective since they are said to be based on “factors dependent upon future contingencies which may or may not occur,” including the landlords’ ability to effectuate their “complicated,” building-wide renovation plan. However, any questions concerning the feasibility of the landlords’ proposed renovations, as well as the ultimate issue of landlords’ good faith intention to occupy tenants’ apartments or the building as a whole, are more appropriately explored in discovery or at trial. Nor were the notices rendered invalid by the inherent delay attendant in recovering possession of the remaining rent-stabilized apartments in the building (see Pultz v Economakis, 40 AD3d 24, 32-33 [2007], affd 10 NY3d 542 [2008]).
In reinstating the petitions, we do not pass upon landlords’ applications for use and occupancy, which were not reached below. Our disposition is without prejudice to landlords’ right to renew their applications for such relief in the Civil Court.
Schoenfeld, J.E, Shulman and Hunter, Jr., JJ., concur.