Sung Yoon Kim, Petitioner-Landlord-Appellant,
against
Marianna Hettinger, Respondent-Tenant-Respondent, -and- "John Doe," and/or "Jane Doe," Respondents-Undertenants.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated July 21, 2017, which granted tenant's preanswer motion to dismiss the petition in a holdover summary proceeding and denied, as moot, landlord's cross motion for use and occupancy.




Per Curiam.
Order (John H. Stanley, J.), dated July 21, 2017, modified by denying tenant's motion, reinstating the petition, and remanding the matter to Civil Court for further proceedings consistent with this decision; as modified, order affirmed, with $10 costs to landlord-appellant.
The notice of nonrenewal underlying this owner-occupancy holdover proceeding stated, inter alia, that landlord intends to "recover possession of all of the apartments within the building, including the subject apartment" and convert the five-story, nine-apartment building to a single-family dwelling for herself, her named husband and their two children. In this connection, the notice set forth in detail the contemplated use of the space on a floor-by-floor basis, reflecting landlord's plan to create a single, integrated structure that would serve as a primary residence for herself and her immediate family. The notice also stated the current residence of landlord and her family, alleging that they reside in an apartment on Riverside Blvd. in New York City.
In such particularized form, the notice of nonrenewal utilized by landlord fully complied with the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) and served as a proper predicate for this owner- occupancy holdover proceeding (see Hirsch v Stewart, 63 AD3d 74 [2009]; Rudd v Sharff, 30 Misc 3d 35 [2010]; see also Pultz v Economakis, 10 NY3d 542 [2008]). Information concerning such matters as the size of landlord's current residence can readily be acquired through a bill of particulars (see Pinehurst Constr. Corp. v Schlesinger, 38 AD3d 474, 475 [2007]; City of New York v Valera, 216 AD2d 237 [1995]), and any further [*2]evidentiary matters such as the feasibility of landlord's proposed renovations and the status of landlord's recovery of other apartments in her building-wide renovation plan are more appropriately explored during the discovery phase of the proceeding (see Matter of Giancola v Middleton, 73 AD3d 1056, 1057 [2010]; McGoldrick v DeCruz, 195 Misc 2d 414, 415 [2003]; Rudd v Sharff, 30 Misc 3d at 459; see also Bouton v De Almo, 12 Misc 3d 132[A], 2006 NY Slip Op 51166[U] [App Term, 1st Dept 2006] [court policy favors disclosure in owner use proceedings]). A predicate notice in a holdover summary proceeding need not lay bare a landlord's trial proof, and will be upheld in the face of a "jurisdictional" challenge where, as here, the notice is "as a whole sufficient[ly] adequate[] to advise ... tenant and to permit it to frame a defense" (Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]; see Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]).
In reinstating the petition, we do not pass upon the landlord's application for payment of interim use and occupancy, a matter not reached below. Our disposition is without prejudice to the landlord's right to renew its application for such relief in the Civil Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2018