**Koti v Vasquez**

2024 NY Slip Op 31603(U)

May 8, 2024

Civil Court of the City of New York, Kings County

Docket Number: Index No. L&T 316254-23

Judge: Julie Poley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART C
----------------------------------------------------------------x

PARASHQEVI KOTI

                  Petitioner,

      against

MAYRA VASQUEZ,
"JOHN DOE & "JANE DOE"

                Respondents.
----------------------------------------------------------------x

L&T 316254-23

**Decision and Order**

**ENTERED- Kings Civil Court**

ENTERED- Kings Civil Court

RECEIVED
NPSAROS , 5/8/2024, 10:26:10 AM

Recitation, as required by CPLR 2219(a)

Notice of Motion and Affidavits Annexed...........................................1
Order to Show Cause and Affidavits Annexed..............................0
Answering Affidavits..............................................................2
Replying Affidavits...............................................................1
Exhibits.................................................................................8
Stipulations..........................................................................0
Other.....................................................................................0

POLEY, J.

Petitioner commenced this owner's use holdover proceeding seeking possession of

Apartment 2R at 8669 16th Avenue, Brooklyn, New York ("Apartment") by service of the

Notice to Tenant on Non-Renewal of Lease, Termination of Tenancy, Intention to Recover

Possession, and Notice of Petition and Petition ("Notice").

The proceeding first appeared on the court's calendar on October 12, 2023. Respondent

appeared by Brooklyn Legal Services on October 27, 2023. On November 22, 2023,

Respondent interposed an answer containing various affirmative defenses and counterclaims.

Subsequently, Respondent moved pursuant to CPLR§ 3211(7) for an order dismissing the

proceeding based on the allegation that petitioner failed to state a cause of action alleging that

[* 1]

the predicate notice is insufficient and is defective and that the predicate notice was served more than 150 days prior to the expiration of the lease term.

Respondents seek dismissal of the proceeding based on the allegation that the predicate notice is insufficient as it fails to plead facts with sufficient specificity. The Notice as plead in pertinent part states "TAKE NOTICE that the undersigned Landlord elects to terminate your tenancy of the subject premises, now held by you pursuant to a lease. The premises now occupied by you are governed by the Rent Stabilization Code and are subject to Rent Stabilization. This Termination notice is being sent to/served upon you in accordance with RSC Section 2524.2, and RSC section 2524.4(a)(1), in that the landlord is seeking possession of your apartment for owner occupancy based on an immediate and compelling necessity for her own personal use and occupancy as her primary residence" (Notice Par 1). The Notice further sets the vacate by date and advises respondent of the legal proceedings to be commenced in the event respondent fails to vacate.

Respondent argues that the Notice fails to state any specific facts of the underlying owner's use claim. Specifically, the Notice fails to whether the intent to occupy the premises is in good faith or any other facts regarding the immediate and compelling need to reside at the premises.

Petitioner opposes and alleges that the notice is sufficient on its face and is specific enough to appraise the respondents of the cause of action against them to enable respondents to frame a defense. Petitioner argues that pleadings which allege intent to recover possession and use of the apartment for occupancy by the Petitioner is specific and satisfies the requirements of Real Property and Proceeding Law (RPAPL)§ 741(4) and Rent Stabilization Code (RSC) § 2524.2(b).

Petitioner also argues that Respondent waived the jurisdiction defenses because Respondent's answer was filed nearly a month after filling a notice of appearance. Petitioner

also opposes the dismissal asserting that a "reasonableness test" is the correct standard to determine the sufficiency of the predicate notice. Petitioner argues that the notice is sufficient and satisfies the requirements of Rent Stabilization Code (RSC) § 2524.2(b) if "it declares an owner's intent to occupy the unit immediately after the tenant vacates" and that intent is demonstrated by Petitioner's affidavit with the facts surrounding her immediate and compelling need to take the apartment for herself and her elderly father.

In reply, Respondent asserts that dismissal is warranted as the predicate notice is insufficient because it fails to plead facts with sufficient specificity and includes no facts beyond conclusory statements. Respondent argues that the Notice fails to state any specific facts of the underlying owner's use claim. Specifically, the Notice fails to "include facts necessary to establish an immediate and compelling necessity for Petitioner's personal use and occupancy as her primary residence and/or for the use and occupancy of a member of her immediate family as their primary residence. Respondent further provides that the affidavit annexed to petitioner's Affirmation in Opposition, which establishes the facts surrounding her alleged immediate and compelling need, is inappropriate as these facts were absent from the non-amendable Notice of Nonrenewal.

RSC §2524.2(b) requires that "every notice to a tenant to vacate or surrender possession of housing accommodation shall state the ground . . . upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession." It is well settled that a notice of termination that only tracks the statutory language is not sufficient. "In the absence of any factual recitation of the reasons the landlord seeks to recover possession, the notice [is] insufficient to serve as a predicate for eviction proceedings." *(Numano v Vicario*, 165 Misc2d 457, 458 9 [App Term, 1st Dept 1995], citing *Berkeley Assoc. Co. v Camlakides*, 173 AD2d 193 [1st Dept 1991],

*affd* 78 NY2d 1098 [1991]).

The Appellate Courts have consistently held that the reiteration of the statutory language in a notice of non-renewal based upon the ground of owner occupancy alone cannot sustain an eviction proceeding.   (*See, Baumann v Hail,* NYLJ, Jan. 19, 1996, at 25, col 2 (App Term, 1st Dept). The statements in an owner's use notice must set forth allegations fact specific to the particular proceeding. (*See, Haruvi v Rosen,* 10 Misc3d 137(A) [App Term, 1st Dept 2005] (notice of non-renewal which simply gave the landlord's current address but failed to state any reason why the landlord wished to relocate from his present address a few blocks away was insufficient to serve as a predicate for the owner occupancy proceeding).

For example, in *Isdahl v. Pogliani,* 22 Misc3d 14 [App Term 1st Dept 2008], the court found that the notice alleging the owner wanted the apartment for an unnamed daughter was insufficient because it failed to set forth allegations tending to support the stated ground for eviction that were fact specific to that particular proceeding. However, the notice was found to be sufficient when it identified petitioner's son as the family member for whom owner sought to recover the apartment, the date for respondent to vacate the unit, and stated that possession was sought in good faith. *(See   Giancola v. Middleton,* 73 AD3d 1056 [App. Div. 2nd Dept. 2010]).

Measured by this framework, the Notice in this proceeding fails to meet the standards set forth in the statute and by the appellate courts. Aside from alleging that the apartment is needed for a "an immediate and compelling necessity for landlord's own personal use and occupancy as her primary residence" the Notice as plead is bereft of any particularity. The alleged need is not specified and does not list any reason(s) why Petitioner needs to move into the subject apartment which has been occupied by a rent stabilized tenant. (*See, Giancola v. Middleton, supra*).

Accordingly, respondent's motion is granted. The proceeding is dismissed with

prejudice.

This constitutes the decision and order of this court and is uploaded to NYSCEF>

Brooklyn, New York
Dated: May 8, 2024

_____
Julie Poley JHC

Honorable Julie Poley

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART C

———————————————————————————X

PARASHQEVI KOTI

                              Petitioner,

        -against-

MAYRA VASQUEZ
"JOHN DOE" AND "JANE DOE"
8669 16TH AVENUE, APT. 2R
BROOKLYN, NY 11214

                        Respondents- tenants,

———————————————————————————X

Index No. L&T 316254-23/KI

NOTICE OF MOTION
TO DISMISS

ON CALENDAR: 1/16/23

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Coco Joly, sworn to on December 22, 2023, the annexed exhibits, and upon all papers and proceedings previously had herein, Respondent will move this Court in Part C of the Courthouse at 141 Livingston Street, Brooklyn, New York, room 402 on **January 16, 2024** at 9:30 a.m., or soon thereafter as counsel can be heard, for an order:

1. Dismissing the petition pursuant to C.P.L.R. § 3211(a)(7), for failure to state a cause of action due to deficiencies in the predicate notice and pursuant to N.Y.C.R.R. § 2524.2(c)(3) for serving the predicate notice more than 150 days prior to the expiration of the lease term or, in the alternative,

2. Granting such other and further relief as this Court may deem just and proper.

Dated: December 22, 2023
       Brooklyn, NY

                                        Respectfully Submitted,

[* 6]

_Coco Joly_
BROOKLYN LEGAL SERVICES
Attorneys for Respondent
By, Coco Joly
105 Court Street, 4th Floor
Brooklyn, New York 11201
(718) 233-6411

To:    SIDDIQI LAW GROUP, P.C.
       71-58 Austin Street, Suite 102
       Forest Hills, NY 11375
       Attorney for Petitioner-Landlord

       Clerk of Court

[* 7]