Ogieva v Drumgoole (2025 NY Slip Op 50704(U))

[*1]

Ogieva v Drumgoole

2025 NY Slip Op 50704(U)

Decided on March 12, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2025
Civil Court of the City of New York, Queens County

Felix Ogieva and HAPPINESS IDEHEN, Petitioners,

against
Andrea Drumgoole, ET. AL., Respondents.

Index No. 2413-2024

Petitioner appears Pro-Se
For Respondent: 
NEW YORK LEGAL ASSISTANCE GROUP Firm
100 Pearl Street 
19th Floor
New York, New York 10004

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion with Affirmation & Affidavit in Support
[With Exhibits A-I] 1
Affirmation in Opposition 2
Affirmation in Reply 3
After oral argument on March 11, 2025, and upon the foregoing cited papers, the decision and order on this motion is as follows:
DISCUSSION
This is a "owner's use" holdover. Respondent moves for dismissal under CPLR §3211(a)(7).
When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction. The court must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88, 614 NYS2d 972 [1994]). In assessing a motion under CPLR § 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one." (Guggenheimer v Ginzburg, 43 NY2d 268, 275, 401 NYS2d 182 [1977]; see also Rovello v Orofino Realty Co., 40 NY2d 633, 636, 389 NYS2d 314 [1976]). 
Thus, "a motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law." (Shaya B. [*2]Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38, 827 NYS2d 231 [2nd Dept 2006]; see also Leon v Martinez, 84 NY2d at 87-88; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152, 746 NYS2d 131 [2002]). 
Here, the case must be dismissed for several reasons. First, it is petitioner's position that there was no lease in effect when the predicate notice was served. The Rent Stabilization Code ("RSC"), of course, allows for an owner to not renew a lease when they intend to recover the premises for personal use [or for immediate family] as a primary residence. (see RSC § 2524.4(a)(1)). But before an owner may proceed under this provision, they must provide a notice between 90 and 150 days "prior to the expiration of the lease term." (see RSC § 2524.2[c]; Bachman v Soler, 28 Misc 3d 1203(A), 1 [Civ Ct, New York County 2010]). Consequently, where there is no lease that will expire, petitioner cannot serve an owner's use notice.
Alternatively, if there is a lease, as the respondent alleges there is, it would allegedly expire in June 2025, rendering petitioner's notice non-compliant with the 90-150 day rule.[FN1]

Even if the case were not dismissed on the above grounds, the notice served fails to meet a minimum standard. Every termination notice requires a statement of the grounds and facts underlying the cause of action. (see RSC § 2524.2(b)). Owner's use predicate notices may not simply track the statutory language of RSC § 2524.4(a). (see Hirsh v Stewart, 63 AD3d 74, 80 [1st Dept. 2009])
In the Second Department, these notices may pass muster if, at a minimum, they name the family member who will take possession and state that such possession is sought in good faith. (see Gutnick in Ramos, 30 Misc 3d 135(A), 2 [App Term, 2nd Dept. 2011; Giancola v Middleton, 73 AD3d 1056, 1057 [2nd Dept. 2010]).
Here, the notice simply alleges "the owner has an immediate and compelling need to possess the apartment for use as primary residence or for immediate family." First, this notice is not unequivocal because petitioners do not clarify whether they intend to use the property themselves or whether it is intended for a family member. (see 290 Riverside Co. v Botero, 2003 NY Slip Op 51428(U), 1, citing Ellivkroy Realty Corp v HDP 86 Sponsor Corp., 162 AD2d 238 [1st Dept. 1990]). This, of course, calls into question the very good faith petitioner would need to show to ultimately succeed. In any event, the notice does not meet basic requirements set forth above.
Consequently, the respondent's motion is granted. Judgment shall enter dismissing the petition. This constitutes the decision and order of the court. Copies will be mailed to the pro-se petitioners and to respondent's counsel.
Dated: March 12, 2025
Queens, New York
SO ORDERED, 
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:The respondent alleges she informed petitioners she signed a 2-year lease expiring on June 30, 2025. She does not state whether she ever returned a signed copy to the petitioners.